No. 15,532.

## REAGAN ET AL. *v.* SHEETS ET AL.

DESCENT.—*Second and Childless Wife.—Partition, Effect on Widow's Title.— Burden to Show Widow Had Greater Interest than Fee for Her Life.*—After her husband's death, in a partition proceeding between his second and childless wife and his children by his first wife, there was a finding that husband and father died seized in fee of certain real estate, leaving surviving him the widow and children, reciting that the widow was "entitled to an undivided one-third part of said real estate in fee simple as such widow," the children entitled to the remaining two-thirds, followed by the appointment of commissioners in partition, and a direction that they "assign and set apart to" the widow "a one-third part, in value, of said real estate, to have and to hold to her and her heirs forever." On the death of the widow, in a suit to quiet title, her heirs claimed an interest in fee simple to the land awarded her by the commissioners, by force of the terms of the decree. Only the decree of partition was introduced in evidence, the papers having been lost, and no parol proof made of their contents.

*Held,* that the decree in partition gave the widow an interest only for her life, and that her heirs had no interest in the land.

*Held,* also, that the burden was on her heirs, the defendants, to show that she had a greater interest in the land than an interest for her life as. against the heirs of her husband.

From the Morgan Circuit Court.

*G. A. Adams, J. S. Newby* and *W. R. Harrison,* for appellants.

*F. P. A. Phelps, A. M. Cunning* and *M. H. Parks,* for appellees.

COFFEY, J.—This was an action brought by the appellees against the appellants, in the Morgan Circuit Court, to quiet title to the real estate described in the complaint.

Upon issues formed the cause was tried by a jury, resulting in a verdict for the appellees, upon which the court, over a motion for a new trial, rendered judgment.

It is urged here, as a reason for reversing the judgment of the circuit court, that it was error to overrule the motion of the appellants for a new trial.

It is admitted by the parties that Reason Reagan died in the year 1854, the owner in fee of the land in dispute, together with other lands, leaving Mary Reagan as his widow, she being a second wife, by whom he had no children. She departed this life in the year 1886. The appellants are the children of Reason Reagan by a former marriage, and the descendants of such of his children as have departed this life since his death.

The land in controversy was set off to Mary Reagan in a partition suit in the Morgan Common Pleas Court in the year 1856, and was conveyed by her to John Sheets, the father of the appellees in this case.

Section 2487, R. S. 1881, provides that " If a man marry a second or other subsequent wife, and has by her no children, but has children alive by a previous wife, the land which, at his death, descends to such wife, shall, at her death, descend to his children."

By the terms of this statute the land in dispute is the property of the appellants, unless something has occurred to deprive them of the title held by their ancestor, Reason Reagan. The burden of showing that they have thus been deprived of their right rests upon the appellees. It is claimed by them that appellants have been deprived of their claim to this land by reason of an agreement entered into between Reason Reagan and his wife, Mary Reagan, followed by a decree of the common pleas court of Morgan county in the partition proceeding above referred to.

It is claimed by the appellees that a verbal agreement was made between Reason Reagan and his wife, to the effect that, in consideration that she would join with him in the conveyance of certain land to his children, she should, upon his death, have an absolute title to what was known as the home farm, consisting of forty-five acres, and which includes the land now in dispute ; that, pursuant to such agreement, the decree in the partition suit, under which the land was set off to her, was so drawn as to confer such title, and for that reason

she took the land as a purchaser from Reason Reagan, and not by descent.

It may be remarked of the contract above mentioned that by reason of the statute of frauds it was not enforceable. There is no claim that any such delivery of possession took place under the contract as would take the case out of the statute and enable Mary Reagan to enforce specific performance. *Neal* v. *Neal,* 69 Ind. 419.

If, therefore, the appellants have been deprived of their right to inherit this land from Mary Reagan, it is by reason of the decree in the partition suit under which the land was set off to her.

It was admitted on the trial of the cause that the pleadings in the partition suit were destroyed by fire in the year 1876. Neither party attempted to prove the contents of these pleadings, and for this reason we know nothing of the nature of the issues between the parties except what can be obtained from the docket entries.

Nevertheless, it is claimed by the appellees that in that suit it was decreed by the court, by agreement of the parties, that Mary Reagan should have the land in dispute by an absolute fee simple title, but this claim is wholly without proof.

As we understand the brief for the appellees, the only matter relied upon by them as tending to prove their claim consists of recitals in the decree for partition.

So much of the decree as is relied upon by the appellees is as follows :

"And now come the plaintiffs, by their attorneys, and defendant, by her attorneys, and this cause comes on to be heard upon the complaint, the answer thereto and the facts agreed upon between the parties, and the court thereupon finds that the said Reason Reagan departed this life intestate, seized in fee of the following real estate in Morgan county and State of Indiana, to wit : * * * *

"And the court further finds that said Reason Reagan left surviving him the said defendant, Mary Reagan, his widow,

who is entitled to an undivided one-third part of said real estate in fee simple as such widow."

There is a finding that the children of Reason Reagan, naming them, are entitled to the remaining two-thirds of the land described in the decree, followed by the decree for partition. After the appointment of the commissioners the decree proceeds as follows: "And they are directed to assign and set apart to said Mary Reagan a one-third part, in value, of said real estate, to have and to hold to her and her heirs forever."

It is argued by the appellees that the record entries above set out prove that the claim of Mary Reagan to an absolute title to the home farm was involved in the case, and was settled in her favor.

There is nothing in the agreement recited to warrant such an inference.

In the absence of a showing to the contrary, the legal inference is that the agreement was such as to warrant the finding of the court which follows, namely, that Reason Reagan died seized in fee of the land described in the petition, and that he left Mary Reagan as widow, and the plaintiffs in that case as his children and heirs at law. It can not be assumed, in the absence of proof, that the parties agreed to matters not embraced in findings of the court.

There is nothing in the decree inconsistent with the claim of the appellants in this case, for the interest of Mary Reagan in the land of which her husband died seized was a fee simple interest. *Utterback* v. *Terhune*, 75 Ind. 363; *Hendrix* v. *McBeth*, 87 Ind. 287; *Bryan* v. *Uland*, 101 Ind. 477.

The land descends to her heirs, but the statute which creates her interest in the land declares that the children of the husband through whom she inherits shall, as to such land, become her heirs. Her conveyance of the land to a third party can not affect the rights of the children by a former wife. *Bryan* v. *Uland*, *supra;* *Slack* v. *Thacker*, 84 Ind.

418; *Thorp* v. *Hanes,* 107 Ind. 324; *Avery* v. *Akins,* 74 Ind. 283.

Not only does the decree before us fail to show that Mary Reagan took the land in controversy as a purchaser from her husband, but, we think, it conclusively shows the contrary. It shows that it was set off to her as the widow of Reason Reagan.

The decree does not direct the home farm to be set off to her, but directs that there be set off to her one-third in value of all the land of which her husband died seized, including an eighty-acre tract to which her husband had executed a title bond during his lifetime. She did not, in fact, receive the whole of the home farm, which consisted of a tract of forty-five acres, but received thirty-five acres only of that tract. In view of what is shown by this record, unexplained by evidence, we think the verdict of the jury is not supported by the evidence.

Without any evidence as to what was embraced in the issues in the partition suit, or in the terms of the agreement under which the cause was submitted to the court for trial, except such as is found in the record, the court, in effect, by its instructions, left the construction of the record to the jury.

This, we think, was error. The construction of the record, under these circumstances, was for the court. *Turner* v. *First Nat'l Bank, etc.,* 78 Ind. 19; *Zenor* v. *Johnson,* 107 Ind. 69.

Judgment reversed, with directions to the circuit court to grant a new trial.

Filed Jan. 26, 1892.