# THE PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA *v.* SELLERS.

### [No. 8,076.   Filed October 17, 1913.]

1. INSURANCE.—*Life Insurance. — Instructions. — Construction. — Cure by Other Instructions.*—In an action on a life policy, an instruction purporting to state the facts that would, if proven, entitle plaintiff to recover, though containing a condition that was in the nature of a conclusion to be reached by the jury rather than a fact to be found by it, was not subject to an interpretation harmful to defendant, where such conclusion could be reached only in the event all the facts essential to a recovery were found, and the essential fact claimed to have been omitted was expressly covered by another instruction.   p. 329.

2. CONTRACTS.—*Construction.—Question for Court.*—The general rule is that the construction of contracts is for the court and not for the jury.   p. 330.

3. APPEAL.—*Review. — Harmless Error. — Instructions. —* Instructions submitting to the jury the question whether an insurance policy made the application a part thereof, though erroneous, were harmless, where the policy itself stated that the application was made a part thereof, and was treated as a part thereof throughout the trial, and especially in view of other instructions given in the cause.   p. 331.

4. INSURANCE.—*Life Insurance.—Avoidance of Policy.—Misrepresentation as to Health of Insured.—Necessity of Showing Fraud.* —Where a policy of life insurance expressly provides that all statements made by the insured in the absence of fraud shall be deemed representations and not warranties, defendant cannot defeat an action thereon by merely showing misstatements as to insured's health, but must also prove fraud in the making of such statements.   p. 332.

5. INSURANCE.—*Life Insurance.—Application.—Substantial Truth of Answers.—Materiality.*—Where the answers made by assured in his application for insurance can be construed as representations merely, they need be only substantially true so far as they are material to the risk.   p. 333.

6. INSURANCE.—*Life Insurance.—Truth of Representations.—Jury Question.*—The question whether representations made by the assured in the application for insurance are substantially true, is for the jury.   p. 333.

7. INSURANCE.—*Life Insurance.—Representations in Application.— Condition of Health.—Illness.*—"Illness" means a disease or ailment of such a character as to affect the general soundness and healthfulness of the system seriously, so that a mere temporary

indisposition, not serious in its nature, cannot be considered an illness, nor is the mere calling into a doctor's office for some medicine to relieve such temporary indisposition, or the doctor's calling at the home of assured for the same purpose, an attendance by or consultation with a physician, so as to avoid a policy of life insurance on the ground of assured's misrepresentations in the application. p. 333.

8. INSURANCE.—*Life Insurance.—Avoidance of Policy.—Misrepresentations.—Condition of Health.—Medical Attendance.*—In an action on a life policy, where the assured had represented in her application that she had not been "attended" by a physician for any "complaint" within three years, it cannot be said that evidence showing that she had called at a doctor's office once, and had been visited by him once or twice, for a cold, necessitated a finding that such representations were not substantially true, since the jury had a right to infer that she interpreted the questions as inquiring whether she had been attended for a complaint of a character to affect the general soundness and healthfulness of the system seriously. (Holding that *Metropolitan Life Ins. Co.* v. *Johnson* [1912], 49 Ind. App. 233, overrules *Fidelity, etc., Life Assn.* v. *McDaniel* [1901], 25 Ind. App. 608. p. 334.

From Superior Court of Marion County (81,814) ; *Charles J. Orbison,* Judge.

Action by Daniel S. Sellers against The Prudential Life Insurance Company of America. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Whitcomb, Dowden & Stout,* for appellant.

*George W. Galvin,* for appellee.

HOTTEL, P. J.—This is an appeal from a judgment for appellee, in an action brought by him to recover on a life insurance policy by the terms of which appellant insured "the joint life" of appellee and his wife, Nellie Sellers for $500, "payable to the survivor of Daniel S. Sellers and Nellie Sellers beneficiary."

The complaint is in the usual form, and contains a copy of the policy together with a copy of the application endorsed thereon as an exhibit. The provisions and conditions of such policy and the application therefor, important and necessary to an understanding of the question presented by the appeal are:

*Provisions of Policy:*

"In Consideration of the application for this policy, which is hereby made part of this contract, a copy of which application is endorsed hereon, and of the payment, in the manner specified, of the premium herein stated, hereby insures the joint life of the persons herein designated as the insured for the amount named herein, payable as specified, subject to the privileges and provisions on the second and third pages hereof, which are hereby made part of this contract. * * * Entire Contract Contained in This Policy.— This policy (together with the copy of the application endorsed hereon) contains the entire contract between the parties hereto, and all statements made by the insured shall in the absence of fraud be deemed representations and not warranties, and no such statement shall avoid the policy or be used as a defense to a claim thereunder unless it be contained in the application for the policy and unless a copy of such application be endorsed upon or attached to the policy when issued."

*Provision of Application.*

"I hereby declare that all the statements and answers to the above questions are complete and true, and I agree that the foregoing, together with this declaration, as well as the statements and answers made or to be made to the company's medical examiner, shall constitute the application and become a part of the contract of insurance hereby applied for, and it is further agreed that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained, and said policy shall not take effect until the same shall be issued and delivered by the said company, and the first premium paid thereon in full, while my health is in the same condition as described in this application."

*Declaration of applicant at close of medical examination.*

" * * * I hereby declare that all the statements and answers to above questions are complete and true, and I agree that they shall form a part of the contract of insurance applied for. Dated this 22 day of February, 1910. Nellie Sellers. Applicant's signature."

Among the questions propounded by the medical examiner and answers made thereto by decedent is the following: " * * * Have you been attended by a physician during

the past three years? On what dates and for what complaints? No."

The appellant filed an answer in six paragraphs, five of which were affirmative, and set out the several provisions of the policy and application above indicated, and each counted upon a separate and distinct representation of decedent, alleged to be false and fraudulent. We have indicated above, the question and the answer in the application upon which the third paragraph of such answer was predicated. This question and answer is the one on which appellant specially relies for a reversal, and it, with the complaint, will be sufficient to present all the questions involved in the appeal. There was a reply in denial to the affirmative answers. A trial by jury resulted in a verdict for appellee. A motion for new trial was overruled and exceptions properly saved. All errors assigned except that on the motion for new trial are expressly waived. Of the grounds for new trial appellant urges only Nos. 4, 5, 6, 7, 8, 32, 33 and 34. The fourth ground calls in question instruction No. 4 given by the court on its own motion.

1. It is insisted that this instruction purports to set out the facts which if proven by appellee, would entitle him to recover, and that it fails to require the jury to find that at the time the policy was delivered and the first premium paid thereon, the health of the decedent was in the same condition as described in the application. Among the other facts necessary to be found to authorize a verdict for appellee under this instruction was the following, viz., "that plaintiff was entitled to receive of and from the defendant the sum of five hundred dollars." This condition in the instruction on which a verdict for the plaintiff was made to depend, was in the nature of a conclusion to be reached by the jury rather than a fact to be found by it; yet such a conclusion could be reached only in the event that the jury found not only the other requisite facts enumerated in the instruction, but all the facts essential to a recovery including that

which appellant insists was omitted.   So that the instruction when considered in its entirety and in connection with other instructions given in the case was not subject to an interpretation harmful to appellant.   Other instructions given by the court on its own motion and repeated at appellant's request told the jury in express terms that if it found that Nellie Sellers was not in *good health* at the time the policy was delivered and the first premium paid, or if they found that, at such time, she *"was afflicted with tubercular trouble of the lungs,"* that appellee could not recover, but that the verdict in such case should be for appellant and that it made *"no difference whether Nellie Sellers knew that she had tuberculosis or consumption at that time or not."*   (Our italics.)

Instructions Nos. 5, 6, 7 and 8 are addressed to the issue presented respectively by the second, third, fourth and fifth paragraphs of answer, and each, respectively, undertakes to enumerate the facts necessary to appellant's recovery under the particular answer to which such instruction is addressed and each begins as follows: ''If you should find by a fair preponderance of the evidence that the application made by said Nellie Sellers for insurance was, by the policy of insurance made part thereof''.   It is contended by appellant in effect that by this provision, found in each of said instructions, the court permitted the jury to construe the policy of insurance and that this was the business and duty of the court; that the court alone should say what was the legal effect of the language of the policy.

2.    There can be no doubt but that generally speaking the construction of contracts is for the court and not the jury.   *Erie Crawford Oil Co.* v. *Meeks* (1907), 40 Ind. App. 156, 164, 81 N. E. 518; *Goodbar* v. *Lidikey* (1893), 136 Ind. 1, 3, 35 N. E. 691, 43 Am. St. 296; *Reagan* v. *Sheets* (1891), 130 Ind. 185, 189, 29 N. E. 1065, and authorities there cited; *Mondamin, etc., Dairy Co.* v. *Brudi* (1904), 163 Ind. 642, 648, 72 N. E. 643.   We think also that the instruc-

tions in question are each technically incorrect and 3. open to the objections urged against them. However, the policy itself expressly provides, as above indicated, that the application "is made part of this contract a copy of which * * * is indorsed thereon." This provision of the policy was not disputed. The policy was admitted in evidence and there was no question or issue raised as to the presence therein of such provision or as to its validity or meaning. In other words, it was admitted, in effect, that by the terms of the policy, the application was made part thereof and therefore such question could be determined but one way whether by court or jury; and the possibility of harm or prejudicial error having resulted to appellant on account of such instructions containing such provision, is so remote that a reversal of the case, on such ground, in our judgment would be a clear violation of both the letter and spirit of §407 Burns 1908, §398 R. S. 1881. Our conclusion that no possible harm could have resulted from such instructions is strengthened and made certain by the other instructions given in the case which expressly and affirmatively told the jury that if it found certain facts to be true, it should find for the appellant. These instructions necessarily involved a construction of the language of the policy of insurance by the court which made the application a part thereof, and, in some respects, several of such instructions were more favorable to appellant than the law warranted.

Finally it is urged that the verdict is not sustained by sufficient evidence and is contrary to law. It is contended that the evidence, especially that addressed to the issue presented by the third paragraph of answer, is without conflict and that the question of its preponderance or weight is not involved. As before indicated, the theory of this paragraph is that the policy of insurance was fraudulently procured by the decedent in that she, in her application, answered falsely the question before set out herein, pro-

pounded by the examining physician and that the answer to such question was material and induced the appellant to write the insurance. As applicable to this issue, it is insisted by appellant that the undisputed evidence of appellee when testifying in his own behalf, shows that the decedent was visited at her home for a cold by a physician, probably twice, in October before she made her application for insurance, and that another witness testified that some time in October before the decedent's death in August, at a time when the witness and decedent were employed at a cotton mill, the decedent had been complaining for several days and one morning before they went to work told the witness that she had been to the doctor's before she came to work that morning and showed the witness her medicine.

If the terms of the policy herein sued on were such as to require us to construe decedent's said answer as a warranty, and such were the theory of appellant's defense, the evidence above quoted, if undisputed, and supplemented by proof showing that appellant had elected to avoid the policy and had seasonably returned, or offered to return, the premium received, would force us to accept as correct appellant's contention. The policy sued on, however, expressly provides that all statements made by the insured *in the absence of fraud should be deemed representations and not warranties*. This provision of the policy is important and of controlling influence on the question under discussion. By each of its said answers herein, the appellant recognized the force and importance of such provision by setting it out therein and by taking on itself the burden of proving that the alleged false representations set up in such answers respectively were fraudulently made. Hence it was not enough for appellant under its said third paragraph of answer, to make the proof above indicated, but it was required to go further with its proof and show the other essentials of the fraud charged in the making of such answer. Where ''the answers of the assured in his ap-

plication can be construed as representations merely, they need be only substantially true, so far as such representations were material to the risk." *Catholic Order of Foresters* v. *Collins* (1912), 51 Ind. App. 285, 99 N. E. 745, 748, and authorities there cited.

In this connection it is insisted by appellant in effect that this court must hold as a matter of law that said answer was material. Appellant is supported in this contention by the case of *Fidelity, etc., Life Assn.* v. *McDaniel* (1900), 25 Ind. App. 608, 620, 57 N. E. 645, and authorities there cited. There are, however, authorities in other jurisdictions which hold, and some in our own State which seem to indicate that such question is one for the jury, so that the correct rule to follow in the determination of such question is left in doubt and uncertainty. Our examination of these authorities, however, convinces us that they all agree that the question whether such a representation is substantially true is a question for the jury. See, *Fidelity, etc., Life Assn.* v. *McDaniel, supra,* 619 and authorities there cited.

We think that it may also be stated that both of the courts of appeal of this State, and the appellate tribunals of other jurisdictions agree that "A mere temporary indisposition, not serious in its nature, \* \* \* can not be considered an illness, and the mere calling into a doctor's office for some medicine to relieve such temporary indisposition, or the calling at the home of the insured by the doctor for the same purpose, can not be considered an attendance by a physician, nor a consultation with a physician within the meaning of the question. 'Illness' as used means 'a disease or ailment of such a character as to affect the general soundness and healthfulness of the system seriously and not a mere temporary indisposition which does not tend to undermine and weaken the constitution of the insured' ". *Fidelity, etc., Life Assn.* v. *Mc Daniel, supra,* 615 and authorities there cited.

In view of these holdings we are not prepared to say that the evidence above quoted on which appellant relies was sufficient to necessitate a finding by the jury that the decedent's answer that she had not been "*attended*" by a physician within three years for any "*complaint*" was not substantially true. We think the jury might have inferred from the question propounded and from decedent's answer thereto, that she interpreted the question as meaning and intending to inquire whether within said period she had been "*attended*" by a physician for any "*complaint*" of such a character as to affect the general soundness and healthfulness of the system seriously, and that such question was not intended to include a visit by decedent to a physician or a visit or two by the physician at the home of decedent for a mere temporary indisposition which was not regarded by either the insured or her physician as being of such serious character as in any way to undermine or weaken the constitution. This court had before it in the case of *Metropolitan Life Ins. Co.* v. *Johnson* (1912), 49 Ind. App. 233, 94 N. E. 785, the question now under consideration and reached a conclusion adverse to appellant's contention. In the discussion thereof, Felt, J., in the opinion said on page 246: "True, her answer, 'None,' to a question calling for the names of physicians who had treated her within two years last past, and for what complaints, was not literally true, but we have construed her answers as representations and not as warranties, and she may have *honestly interpreted this to mean treatment for any serious disease.*" We are aware that there is some apparent conflict between the language quoted and some expressions of this court in the case of *Fidelity, etc., Life Assn.* v. *McDaniel, supra,* but the case of *Metropolitan Life Ins. Co.* v. *Johnson, supra,* is the last expression of this court on this subject and has the implied approval of the Supreme Court, a petition to transfer such case having been denied by that court. Hence, to the extent that the

expression of the court in the case of *Fidelity, etc., Life Assn.* v. *McDaniel, supra,* is in conflict with the holding of the court in *Metropolitan Life Ins. Co.* v. *Johnson, supra,* the former is overruled by the later case. For this reason and for the further reason that we believe that the later expression of the court on this subject is supported by reason and authority, we are satisfied to follow it.

Finding no available error in the record, the judgment below is affirmed.

NOTE.—Reported in 102 N. E. 894. See, also, under (1) 38 Cyc. 1782; (2) 9 Cyc. 591; (3) 38 Cyc. 1809; (4) 25 Cyc. 812; (5) 25 Cyc. 802; (6) 25 Cyc. 949; (7) 25 Cyc. 813, 816. As to what is good health within meaning of life insurance, see 10 Am. St. 242. As to existence of disease at time of application for life insurance, see 3 Am. St. 634. As to question of the effect of honest mistake in answer as to health of insured, warranted by him to be true, see 15 L. R. A. (N. S.) 1277. As to what constitutes a consultation with or attendance by a physician, within the meaning of an application for life insurance, see 18 L. R. A. (N. S.) 362; 17 Ann. Cas. 1203; Ann. Cas. 1913 B 752. And for the time covered by question or representation as to consultation with physician, see 45 L. R. A. (N. S.) 162.