THE PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.*
DUANE L. WINANS.

[No. 375S76. Filed April 1, 1975.]

*William E. Harris, Ronald L. Sowers,* of Fort Wayne, for appellant.

*John C. Thrapp,* of Kendallville, *Phil M. McNagny, Jr.,* of Columbia City, for appellee.

GIVAN, C.J.—This is an appeal from a judgment against the plaintiff, Prudential Insurance Company, in an action to rescind a medical insurance policy which had been issued to the defendant, Winans. The trial court also granted Winans additional benefits under the policy on his counterclaim.

The Court of Appeals, Third District, reversed the trial court on grounds that certain testimony violated the parol evidence rule. See 308 N.E.2d 727. The Appellee, Winans, now petitions this Court for transfer.

Transfer is granted and the trial court is affirmed.

The record in this case discloses the following: Winans' application for life insurance was completed by an agent of Prudential Insurance Company in the presence of Winans, and dated May 12, 1969. Answers to questions on the application indicated that Winans had had an ulcer which was corrected by surgery in February, 1967. With reference to the ulcer, the application stated, "complete recovery." However, a witness for Prudential Insurance Company testified at the trial that the words "complete recovery" was a term indicating that the applicant had gone back to work. There was no reference in the application to the fact that subsequent to the surgery, Winans had made periodic visits to a physician for what Winans characterized at trial as a "burning sensation, upset stomach." Further, it was not mentioned in the application that Winans had been hospitalized in August of 1968 for tests. Winans testified at the trial that these tests showed no visible signs of ulcers. Prudential issued a policy to Winans effective on May 12, 1969. Parol evidence was submitted by Winans, over objection of Prudential, to the effect

that he had conferred with the agent at the time the application was filled out, and that he had furnished all information requested by the agent. He testified that this included information concerning his previous operation. He gave the agent the name of the surgeon who performed the operation and the name of his family physician. He stated that the agent made no further inquiries about his ulcer problems. He further stated that the agent told him he would be the tenth employee on a group policy and that this would lower the rates for the employer and the other 9 employees. He also testified that he told the agent he already had Blue Cross insurance and that the agent replied that his company's insurance was "a better coverage."

In October of 1969, Winans became ill and was hospitalized for ulcer surgery. After paying some benefits under the policy, the insurance company brought this action to rescind the policy. Winans filed a counterclaim for additional benefits under the policy.

Prudential first argues that the verdict and judgment thereon in favor of Winans on his cross-complaint and against Prudential on its amended complaint are contrary to law. Prudential correctly observes that an insurer may cancel a policy if representations in an application for that policy are false and material to the risk involved. Citing *Metropolitan Life Insurance Co.* v. *Becraft*, (1938) 213 Ind. 378, 12 N.E.2d 952. However, whether the misrepresentation, intentional or innocent, was material is a question for the jury, unless the evidence is such that there can be no reasonable difference of opinion. *Metropolitan Life Insurance Co.* v. *Becraft, supra; Prudential Life Insurance Co.* v. *Sellers*, (1913) 54 Ind. App. 326, 102 N.E. 894; *Prudence Life Insurance Co.* v. *Morgan*, (1966) 138 Ind. App. 287, 213 N.E.2d 900, 7 Ind. Dec. 555.

In the case at bar, it is true that the answers given on the application did not give Winans' entire medical history.

There was no mention that the Appellee had been hospitalized for tests following his surgery nor that he had visited several doctors following surgery. However, reasonable men could differ in their interpretation of these facts as to their materiality. The evidence does disclose that the Appellee did inform Prudential's soliciting agent who his family physician was. Generally the knowledge of an agent acting within the scope of his authority is imputed to his principal. *Metropolitan Life Insurance Co.* v. *Henry,* (1940) 217 Ind. 33, 24 N.E.2d 918; *City of Indianapolis* v. *Bates,* (1965) 137 Ind. App. 227, 205 N.E.2d 839. In the case at bar, the agent was acting upon instructions from the Appellant in obtaining information from the Appellee and completing the application. Appellant had clothed its agent with apparent authority to interpret the meaning of the questions asked in the form and to record the information which was relevant. In such a situation, the principal is bound. 3 Am. Jur. 2d *Agency* § 76.

In the application the Appellee gave Prudential authority to discover his medical history from all doctors who had treated him. An inquiry of his family physician would have revealed Appellee's post-operation complaints concerning his stomach. Further questioning of other doctors Appellee had visited would have revealed no more. In fact, the tests and doctors' reports made subsequent to Appellee's operation showed that the Appellee was suffering from a common gastritis.

From the evidence in this case, the jury could reasonably find that Winans had been honest and forthright with Prudential's agent, and that any omissions on the application form were omissions of Prudential's agent and not of Winans. Thus, as a matter of law, the evidence is sufficient to support the verdict and judgment against Prudential on its complaint and for Winans on his cross-complaint.

The foregoing is interrelated with Appellant's contention that Winans was allowed to testify concerning information he gave Prudential's soliciting agent in violation of the parol evidence rule. It is on this issue that the Court of Appeals reversed.

The parol evidence rule ". . . operates to exclude extrinsic evidence only when offered for the purpose of, and with the possible effect of altering, modifying or changing the terms, provisions, conditions, or meaning of the written instrument." *Vernon Fire & Casualty Insurance Co.* v. *Thatcher*, (1972) 152 Ind. App. 692, 285 N.E.2d 660, 665, 32 Ind. Dec. 112, 119. The above case also states that in any suit to procure rescission, parol evidence of prior representations is admissible.

In *Metropolitan Life Insurance Co.* v. *Alterovitz*, (1938) 214 Ind. 186, 14 N.E.2d 570, this Court interpreted the following language contained in Acts 1909, ch. 95, § 5, cl. 3, p. 251:

> "The policy together with the application therefor, a copy of which application shall be attached to the policy and made a part thereof, shall constitute the entire contract between the parties. . . ."

The Court held that this language in the statute precluded the applicant from introducing evidence that he had truthfully and completely answered questions of the application, but that the insurer's agent had falsely recorded them. The Court reasoned that a contract for insurance should be treated in the same manner as any other contract. The statute concerning group insurance policies contains similar language. IC 27-8-5-10, Burns Ind. Ann. Stat., 1974 Supp., § 39-4260.

In the case at bar, there are no false statements on the application. The only question is whether or not Winans had omitted information which was material. Parol evidence was admissible for the jury's consideration in making their decision in this regard. We, there-

fore, hold that in this action for rescission by the Appellant it was not error for the trial court to allow the parol evidence.

The Appellant next claims that the trial court erred in giving the court's final Instruction No. 11, which reads as follows:

> "I instruct you that a mere temporary indisposition, not serious in its nature, cannot be considered an illness, and the mere calling into a doctor's office for some medicine to relieve such temporary indisposition, or the mere treatment by a physician for such temporary indisposition, cannot be considered a consultation with a physician within the meaning of the question on the insurance application."

It is not error to give an instruction which states the law correctly and is applicable to the issues of the case. *Hines* v. *McNair*, (1955) 235 Ind. 34, 129 N.E.2d 553. The instruction in question was taken from *Prudential Life Insurance Co.* v. *Sellers*, (1913), 54 Ind. App. 326, 102 N.E. 894. Appellant does not claim the instruction is an incorrect statement of the law. Appellant does argue that the instruction is inapplicable to the evidence and that it invades the province of a jury in determining whether Appellee suffered from a temporary indisposition. There is evidence that one of the doctors visited by Winans told him that he was suffering from a minor ailment; that it was not uncommon; and that it would go away on its own. This evidence together with Question 2(c) on Part II of the application, asking whether Winans had consulted with a physician, make the instruction pertinent on the issue of whether Winans had made a material misrepresentation to this question. There was evidence that Winans had only a temporary indisposition and that this indisposition was not a symptom of ulcers. Thus, it is clear that the instruction was applicable to the evidence and that it did not invade the province of the jury.

We hold the trial court did not err in giving court's Instruction No. 11.

Lastly, Appellant urges the trial court erred in overruling its motion for judgment on the evidence. The granting of a motion for a judgment on the evidence is proper only when the evidence is without conflict and is susceptible of only one inference, and that in favor of the moving party. *Jordanich* v. *Gerstbauer*, (1972) 153 Ind. App. 416, 287 N.E.2d 784, 32 Ind. Dec. 674. In the case at bar, the evidence presented and any inferences that could be drawn therefrom were conflicting. The motion for judgment on the evidence was properly overruled.

For the above reasons, we hold the trial court did not err in overruling Appellant's motion to correct errors. The trial court is, therefore, affirmed.

Arterburn, DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 325 N.E.2d 204.