ST. JOSEPH BANK & TRUST COMPANY OF SOUTH BEND INDIANA, TRUSTEE *v.* THE WACKENHUT CORPORATION.

[No. 3-576A114. Filed August 18, 1976.]

---

1. *Bruton* v. *United States, supra,* n. 11, 391 U.S. at 136.

*James H. Pankow,* of South Bend, for appellant.

*Richard E. Steinbronn, Thornburg, McGill, Deahl, Harman, Carey & Murray,* of Elkhart, for appellee.

## CASE SUMMARY

LOWDERMILK, J—Plaintiff-appellant St. Joseph Bank and Trust Co. of South Bend appeals from summary judgment for defendant-appellee Wackenhut Corporation.

We reverse.

## FACTS

St. Joseph's predecessor in interest leased certain real property to Delta Homes Corp. for a period of ten years:

from April 15, 1970, through April 14, 1980. Delta engaged Wackenhut to provide security guard service on the leased premises.

Late during the night of January 4, 1973, or early the next morning, fire damaged the leased property, rendering it untenantable for more than two months. A Wackenhut guard was on duty at the time of the fire.

On February 1, 1973, Delta—pursuant to a lease provision —terminated the lease because the premises had been damaged so as to become untenantable.

St. Joseph initiated this action alleging that Wackenhut was negligent in hiring and training its guards and, through the acts of those agents, was negligent in performing security duties. St. Joseph prayed for recovery of the rents lost because of Delta's termination and also sought punitive damages.

In its opinion on Wackenhut's motion for summary judgment, the trial court stated, in pertinent part:

". . . [I]t was understood by the parties at the time of hearing on said motion and by the briefs filed that for the purpose of ruling on the motion the Court could assume that defendant was negligent as alleged and the only issue is whether or not as a matter of law the damages sought by plaintiff are recoverable. If damages are recoverable under the assumed facts then the question is how much and whether punitive as well as compensatory are recoverable and in that event the motion should be overruled. If as a matter of law such damages are not recoverable then the motion should be sustained.

\* \* \*

"Based upon said stipulated and assumed facts the principle applicable according to the case law of Indiana as the Court understands it to be and to have existed in this jurisdiction for many years is whether or not the damages sustained by plaintiff were reasonably foreseeable to an ordinarily prudent person or to state it another way in terms of proximate cause, whether or not the damages were too remote or speculative and therefore not to be reasonably anticipated by the tort feasor. This principle is stated as follows in 57 A.J. 2d Negligence Sec., page 514:

" 'When the result complained of is not reasonably foreseeable in the exercise of ordinary care under all the facts as they existed, an essential element of actionable negligence is lacking; an injury which could not have been foreseen or reasonably anticipated as the probable result of an act of negligence is not actionable, and is viewed as either the remote cause, or no cause whatever of the injury.' In support of this statement an Indiana case is cited, 170 Ind. 1, 83 N.E. 626.

"The Supreme Court of Massachusetts in an early case set out in 171 Mass 536, 51 N.E. 1, stated it as follows:

" 'In an action for negligent injury to property, where the Court is able, on all the evidence, to see that the injury was not probable, but was a remote result of negligence, it should so rule as a matter of law and not submit the question to the jury.' The Court further stated:

" 'The question is not whether it was a possible consequence, but whether it was probable, that is, likely to occur, according to the usual experience of mankind.'

"In the case at bar and applying the above stated principles the Court is of the opinion that the loss of rental for the unexpired term of the lease involved was not reasonably foreseeable by an ordinarily prudent person under all the assumed facts and circumstances and that it was remote and indeed speculative.

"In the first place, the defendant was not a party to the lease and nothing is before the Court showing that it, at the time of the fire, was even aware that there was a lease of the building involved. The defendant should not be reasonably charged with remote consequences of the termination of the lease from the occurrence of the fire such as loss of rental for the unexpired portion of the term under such a fact situation. Moreover, neither should defendant be charged with having reasonably foreseen that the economic conditions after the fire would be such that the restored building could not be re-leased or if re-leased at what rental.

"In the second place, to hold otherwise, as pointed out by defendant's counsel, would be tantamount to a guarantee by the defendant of the rental for seven years, the unexpired term of the lease. Such a guarantee of the rental would be awarding plaintiff a windfall which it did not have in the first place since the lease could have been terminated before the end of its term for any number of reasons, including the possible insolvency of the lessee.

"The damages claimed, therefore, in addition to being remote and not reasonably foreseeable were based upon future speculative profits and for this additional reason are not recoverable under the settled law of Indiana.

"For the reasons stated the Court finds there is no genuine issue of a material fact to be tried and that as a matter of law defendant's motion for summary judgment is sustained."

Thus the trial court's holding that the damages requested by St. Joseph were not recoverable was based on conclusions that Wackenhut's negligence was not the proximate cause of Delta's termination and that a finding for St. Joseph would amount to a windfall recovery of future speculative profits.

## ISSUES

The procedure dictated by Ind. Rules of Procedure, Trial Rule 56(C) and the arguments of the parties present the following issues:

1. Whether there was a genuine issue as to any material fact.

2. Whether the trial court resolved all doubts in favor of St. Joseph, the opponent of the motion for summary judgment.

3. Whether the trial court erred in basing its summary judgment upon a conclusion that Wackenhut's negligence was not the proximate cause of Delta's termination.

4. Whether the trial court erred in basing its summary judgment upon a conclusion that St. Joseph's claim for the rents lost due to Delta's termination was speculative.

## DECISION

ISSUES ONE, TWO AND THREE:

We will consolidate our discussion of the procedure for granting summary judgment and the issue of proximate cause, pursuant to Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

A trial court shall enter summary judgment "if the pleadings, depositions, answer to interrogatories, and admissions

on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TR. 56(C). In determining whether a genuine issue of material fact exists, a trial court must resolve all doubts against the party moving for summary judgment and must accept as true all facts set forth by the party opposing the motion. *Union State Bank* v. *Williams* (1976), 169 Ind. App. 345, 348 N.E.2d 683.

In *Houston* v. *First Federal Savings & Loan Assoc.* (1969), 144 Ind. App. 304, 314, 246 N.E.2d 199, this court, quoting from *Pierce* v. *Ford Motor Co.* (4th Cir. 1951), 190 F.2d 910, *cert. den.*, 342 U.S. 887, stated:

> " 'It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of the opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trial or have the judge weigh evidence in advance of its being presented.' "

The issue of proximate cause in this case involves a determination of whether Wackenhut's conduct, assumed to be negligent, was so significant and important a cause of Delta's termination that the policy of the law will extend liability for said conduct to the consequences thereof.

Proximate cause is an issue of fact whenever reasonable men differ concerning the issue. As explained in Prosser, *Law of Torts* 290 (4th Ed. 1971):

> "In any case where there might be reasonable difference of opinion as to the foreseeability of a particular risk, the reasonableness of the defendant's conduct with respect to it, or the normal character of an intervening cause, the question is for the jury. . . . By far the greater number of the cases which have arisen have been of this description; and to this extent it may properly be said that 'proximate cause is ordinarily a question of fact for the jury, to be

solved by the exercise of good common sense in the consideration of the evidence of each particular case.' "

Our Supreme Court espoused this rule in *Swanson* v. *Slagal* (1937), 212 Ind. 394, 413-414, 8 N.E.2d 993, stating:

"It is the function of the jury to determine whether the defendant's act is a substantial factor in producing the injury of the plaintiff and whether such injury was reasonably foreseeable at the time of the defendant's misconduct."

Inasmuch as reasonable men could differ as to whether Wackenhut's conduct was a significant factor in producing Delta's termination and whether St. Joseph's injury therefrom was reasonably foreseeable at the time of Wackenhut's actions or omissions, we conclude that the issue of proximate cause was one of material fact to be determined by a jury or the court after hearing evidence.

Therefore the trial court erred in entering summary judgment for Wackenhut. TR. 56 (C) ; *Union State Bank* v. *Williams, supra.*

As in *Houston* v. *First Federal Savings & Loan Assoc., supra,* at 144 Ind. App. 314-315, we feel "that there was a triable issue of fact presented to the court and the case should have been submitted to the court for trial on its merits, even though the court, in its wisdom, probably was of the opinion that the same result was reached in the granting of a summary judgment that would have been reached had he tried the case on its merits."

It is unnecessary for us to deal with the parties' other contentions. *Bundy* v. *Ambulance Indianapolis Dispatch, Inc.* (1973), 158 Ind. App. 99, 301 N.E.2d 791.

The trial court's judgment is hereby reversed and this cause remanded for trial.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 352 N.E.2d 842.