**Lourane HOLTZCLAW, Plaintiff-Appellant,**

v.

**BANKERS MUTUAL INSURANCE COMPANY, Defendant-Appellee.**

No. 3–1282A339.

Court of Appeals of Indiana, Third District.

April 27, 1983.

Rehearing Denied June 7, 1983.

Lloyd M. Allen, David M. McTigue, Voor, Allen, Fedder, Herendeen & Kowals, South Bend, for plaintiff-appellant.

E. Spencer Walton, Jr., Robert J. Palmer, May, Oberfell, Helling, Lorber & Campiti, South Bend, for defendant-appellee.

HOFFMAN, Presiding Judge.

Appellant Lourane Holtzclaw brought suit against Bankers Mutual Insurance Company (Bankers). The purpose of the suit was to compel Bankers to honor its insurance contract and reimburse appellant for certain medical and hospital expenses she had incurred. Bankers counterclaimed alleging it had no duty to cover these expenses since appellant had misrepresented certain facts in her application for insurance. Bankers made a motion for summary judgment which was granted by the trial court and Holtzclaw appeals.

Three issues are raised on appeal: [1]

1. The issues raised by appellant have been consolidated and renumbered for purposes of review.

(1) whether the trial court erred in concluding that there was no genuine issue of fact as to the truth or falsity of appellant's representations on the application for insurance and granting the summary judgment for Bankers;

(2) whether the trial court erred in failing to conclude that the time limitation clause barred Bankers' counterclaim and motion for summary judgment; and

(3) whether the trial court erred in granting summary judgment as appellant's representations on her application for insurance were sufficient to put Bankers on inquiry notice.

When reviewing the grant of a motion for summary judgment this Court must determine that no genuine issue of material fact existed and whether the trial court correctly applied the law. *Flynn v. Klineman* (1980), Ind.App., 403 N.E.2d 1117; *Lee v. Weston* (1980), Ind.App., 402 N.E.2d 23. When determining whether a genuine issue of material fact exists, all facts presented by the opponent of the motion will be taken as true and all doubts resolved in his favor. *Crase v. Highland Village Value Plus Pharmacy* (1978), Ind.App., 374 N.E.2d 58; *St. Joseph Bk. & Tr. Co. v. Wackenhut Corp.* (1976), 170 Ind.App. 288, 352 N.E.2d 842.

The facts viewed in this light are as follows:

In November of 1976 appellant filled out an application for medical insurance with Bankers. The application was accepted and appellant began paying premiums. In October 1978, appellant incurred medical expenses which Bankers refused to cover. Coverage was denied because, according to Bankers, appellant had failed to make timely payment of her premiums. Again in November 1978, appellant incurred further hospital expenses which Bankers refused to cover. This time coverage was denied due to the litigation between appellant and Bankers which arose from its prior denial of coverage. At trial in the instant case Bankers contended in a counterclaim that it had no duty to insure appellant because of

misrepresentations made by her on her insurance application.

The specific questions, along with appellant's alleged false answers, are set out below:

"7. To the best of your knowledge and belief do you ... have or during the past 10 years have you ...:

\* \* \* \* \* \*

(c) Ever had venereal disease, paralysis, diabetes, heart disease, high blood pressure, hernia, epilepsy, or nervous or mental disorders?

[Answer] No

\* \* \* \* \* \*

(f) Ever had any disease of the kidneys, urinary tract, prostate or pelvic organs?

[Answer] No

(g) Now have, or at any time have, any physical defect or deformity?

[Answer] No"

*Record* at 102.

Three months prior to filling out this application appellant had been hospitalized. While in the hospital appellant was treated for coronary insufficiency and a narrow ureter among other conditions. At this same point in time and for many years prior appellant was taking medication for a recurrent urinary tract infection. In March 1976, eight months prior to applying for insurance, appellant was hospitalized and diagnosed as having chronic pyelonephritis, a kidney ailment. She was also hospitalized for surgical treatment of "dysfunctional uterine bleeding" at that time. Appellant does not deny that she was hospitalized on these occasions but rather contends that the affidavits submitted on her behalf by Dr. Guild establish that these medical records incorrectly state her condition.

Bankers raises several procedural challenges to the affidavits of Dr. Guild and appellant. Central to these challenges is the contention that the sections of the affidavits relied upon by appellant are inadmissible and should not be considered by the court. A discussion of these issues raised by Bankers is unnecessary for purposes of this decision.

■ Assuming arguendo that the affidavits of appellant and Dr. Guild are admissible, there still remains no doubt that appellant made misrepresentations on her application for insurance. Appellant does not deny that she was hospitalized on two occasions less than one year prior to her application for insurance. On these two occasions appellant was treated or examined by Drs. Guild, France, Rimel, Tirmin, and Wind. Yet when she answered question eight on the insurance application regarding physicians who had been consulted within the past five years, all the above-named doctors are conspicuously absent from her answer, save Dr. Guild.

■ The answers given by an insured on an application for insurance are treated as representations and need only be substantially true so far as they relate to a material risk. *Federal Life Ins. Co. v. Relias* (1933), 99 Ind.App. 115, 185 N.E. 319; *Mutual Life Ins. Co. v. Hoffman* (1921), 77 Ind.App. 209, 133 N.E. 405. The representations of the insured are material to the risk if a truthful answer would lead the insurer to decline issuing insurance or charge a higher premium. *New York Life Ins. Co. v. Kuhlenschmidt* (1937), 213 Ind. 212, 11 N.E.2d 673; *American Family Mut. Ins. Co. v. Kivela* (1980), Ind.App., 408 N.E.2d 805. Generally, the issue of whether an insured made material misrepresentations on an application for insurance is a matter for the trier of fact unless reasonable minds could reach only one conclusion. *Prudential Ins. Co. v. Winans* (1975) 263 Ind. 111, 325 N.E.2d 204; *Prudential Life Ins. Co. v. Sellers* (1913), 54 Ind.App. 326, 102 N.E. 894.

Even in resolving all doubts in appellant's favor, it is abundantly clear that she concealed the names of treating physicians from the insurer. This concealment amounted to a misrepresentation. On this issue no reasonable mind could reach a contrary conclusion.

. This conclusion makes it imperative that this Court discuss the second issue raised by appellant. According to appellant ˙the terms of the policy, specifically the "time limit on certain defenses" clause, bar Bankers' counterclaim. The clause at issue states:

"TIME LIMIT ON CERTAIN DEFENSES: (a) After two years from the date the coverage under this Policy commences with respect to any Covered Person no misstatements, *except fraudulent misstatements,* made by the applicant in the application for coverage under this Policy with respect to such person shall be used to void this Policy or to deny a claim for loss incurred with respect to such person after the expiration of such two-year period.

(b) No claim for loss incurred with respect to any Covered Person after two years from the date coverage under this Policy commences with respect to such person shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description had existed prior to the date coverage under this Policy commences with respect to such person." (Emphasis added.)
*Record* at 11.

Bankers argues that its counterclaim is not barred by this clause, because the clause is inoperative when fraudulent misstatements have been made. It then cites numerous court decisions which hold that misrepresentations on an insurance application, whether innocent or otherwise, amount to fraud and render the insurance contract voidable. Since appellant made misrepresentations, Bankers contends that they were fraudulent according to the authorities cited and the time limit clause offers her no safe harbor.

■ The position urged by Bankers would effectively render the time limit clause of the policy a nullity. The clause specifically creates two types of misrepresentation recognized at law as innocent and fraudulent. Further, the clause provides that misrepresentations will not serve as a basis for disclaiming the duty to insure unless they are fraudulent. Innocent misrepresentations will not affect the validity of the insurance policy if it has been in

effect two years. Bankers relies on case law which treats all misrepresentations made on insurance applications as fraudulent. This position would effectively render the language which Bankers used in the time limit on defenses clause in its insurance contract meaningless. This Court will make all possible attempts to construe contractual language so as not to render any words, phrases or terms ineffective or meaningless. *University Casework Systems v. Bahre* (1977), 172 Ind.App. 624, 362 N.E.2d 155; *Equitable Life v. Crowe* (1976), 170 Ind.App. 677, 354 N.E.2d 772.

 The terms of the clause are clear and unambiguous. The clause recognizes two types of misrepresentations but acknowledges only one type as a bar to Bankers' defenses. Bankers will be held to have intended the plain meaning of the terms it placed in its insurance policy. Thus, it must be determined whether the misrepresentations made by appellant were innocent or fraudulent.

 As a general rule fraud requires proof of a material representation which turns out to be false. It must be shown that appellant had knowledge of the falsity of her representations or made the representations in reckless disregard for their falsity. Bankers must have relied upon those representations to its detriment. *Edwards v. Hudson* (1938), 214 Ind. 120, 14 N.E.2d 705; *Baker v. American States Ins. Co.* (1981), Ind.App., 428 N.E.2d 1342. The existence of fraud is a factual issue within the province of the fact finder. *Property Owners, Inc. v. City of Anderson* (1952), 231 Ind. 78, 107 N.E.2d 3. *Hawkins, Receiver, et al. v. Fourth Nat'l Bank, etc., et al.* (1898), 150 Ind. 117, 49 N.E. 957.

In the case at bar there is no question that appellant made false representations which were relied upon by Bankers to its detriment. There is however a question as to appellant's knowledge of the falsity of those representations. Her physical conditions are such that she may not have considered them diseases. Her omission of the names of the doctors who treated and examined her in the hospital may have been innocent. The language of the question on the application asks her to list doctors she has *consulted with*. It may be her belief that she consulted with Dr. Guild who obtained the services of the other physicians to fully discover appellant's physical condition.

It is not this Court's place to speculate as to appellant's reasons for answering the questions as she did, but rather the issue should be decided by a jury. Should a jury conclude that appellant's misrepresentations were innocent, then Bankers' counterclaim is barred by reason of the terms of the insurance policy. Otherwise, the insurance policy is voidable. Therefore, this cause of action is reversed and remanded for proceedings not inconsistent with this decision. In light of this Court's decision on appellant's first two issues, the third issue need not be discussed.

Reversed and remanded.

GARRARD and STATON, JJ., concur.