**MADISON COUNTY BANK & TRUST COMPANY, Appellant,**
**(Plaintiff Below),**

v.

**Richard E. KREEGAR, Appellee,**
**(Defendant Below).**

No. 30S01–8710–CV–972.

Supreme Court of Indiana.

Oct. 21, 1987.

Dean E. Richards, Indianapolis, for appellant.

James L. Turner, Jon D. Krahulik, Bingham, Summers, Welsh & Spilman, Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Madison County Bank & Trust Company filed a complaint alleging malpractice by attorney Richard Kreegar. Specifically, the Bank claimed it had been damaged by Kreegar's mishandling of foreclosure litigation. Kreegar answered that the Bank's action was barred by the statute of limitations. Ind. Code § 34–1–2–2 (Burns 1986 Repl.). The Bank countered with the charge that Kreegar had concealed his malpractice and was therefore estopped from raising the statute of limitations.

To show that he had not concealed anything from the Bank, Kreegar introduced affidavits of two individuals who served as the Bank's president and vice-president at the time of the disputed litigation. They stated that they were aware of the litigation in question and that Kreegar "regularly kept them informed of the status of this litigation." In fact, one of the officers had testified at a hearing on a motion to set aside a default judgment in the foreclosure action. Defective service of process prior to that default was the basis for the later malpractice action. Kreegar moved for summary judgment on the basis that the Bank's claim was barred by the statute of limitations.

In opposition, the Bank introduced affidavits by two current officers, one of whom had been a director at the time of the disputed litigation. They stated that they had searched the records of the Bank and the minutes of the directors' meetings and could not find or recall any report on the litigation from Kreegar or the former officers. These affiants further stated that the former officers had not shared their knowledge of the litigation with them.

The trial court found that the bank's former officers had actual knowledge of Kreegar's allegedly negligent acts and that their knowledge was imputed to the Bank. The court concluded that Kreegar did not

conceal facts from the Bank and that the statutory period had expired. It granted Kreegar's motion for summary judgment.

The Court of Appeals reversed, finding that "[t]he two sets of affidavits are in direct conflict on the issue of concealment." *Madison County Bank & Trust v. Kreegar*, No. 30A01–8603–CV–74, slip op. at 5 (Ind.App. Dec. 31, 1986) (mem.) [502 N.E.2d 500 (table) ]. Because we conclude that the affidavits do not present a conflict on a genuine issue of material fact, we grant Kreegar's petition for transfer and affirm the trial court's grant of summary judgment.

■ Summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Trial Rule 56(C), Ind. Rules of Procedure. A factual issue is genuine if it cannot be resolved by reference to undisputed facts. Thus a genuine factual issue requires a judge or jury to resolve the parties' conflicting versions of the truth. *Hirschauer v. C & E Shoe Jobbers, Inc.* (1982), Ind. App., 436 N.E.2d 107.

■ In determining the propriety of summary judgment, the court must accept as true all the facts which support the nonmoving party and resolve all doubts in his favor. Granting summary judgment is not proper if the court must weigh conflicting evidence to reach a decision. Summary judgment may be appropriate, however, when there is no dispute or conflict regarding a fact which is dispositive of the litigation. *Raymundo v. Hammond Clinic Association* (1983), Ind., 449 N.E.2d 276. While a reviewing court also accepts the facts alleged by the nonmoving party, the burden to show reversible error on appeal is on the appellant. We indulge all reasonable presumptions in favor of the trial court. *Id.* at 280.

This case can be resolved on the undisputed facts. The truth of the affidavits presented by each of the parties is not mutually exclusive. Bank officers at the time of the litigation knew of Kreegar's allegedly negligent actions. The affidavits of the current officers do not dispute this knowledge. They merely indicate that they had no knowledge themselves and could not find any written record of the former officers' knowledge.

■ Because the former officers did not record or disclose their knowledge, the Bank argues an inference arises that they had no knowledge of the litigation. The truth of the former officers' affidavits, however, is not contested. Neither of the current officers claim that the former officers previously denied knowledge, nor do they raise any other challenge to the former officers' credibility. The current officers' ignorance of the litigation does not disprove the former officers' knowledge. Accepting their admission of knowledge as true, the fact that others may have lacked knowledge simply is not relevant. The undisputed fact that officers of the Bank had knowledge of the foreclosure litigation is dispositive of this case. While the affidavits of the current officers may call into question the actual knowledge of the board of directors, the knowledge of an agent acquired while acting in the course of employment will be imputed to the corporation. *Prudential Insurance Co. of America v. Winans* (1975), 263 Ind. 111, 325 N.E.2d 204. Actual knowledge on the part of the Bank or its board is not required. Such has been the law for some time:

> It is not necessary in order to carry knowledge to a corporation to show that its board of directors had such knowledge. The merest novice in the law knows that the knowledge possessed by an agent, while in the act of performing his principal's business within the scope of his authority, is imputed to the principal.

*Sunnyside Coal & Coke Co. v. Reitz* (1895), 14 Ind.App. 487, 496, 43 N.E. 46, 49–50.

Because the issue of concealment can be resolved by reference to the undisputed facts presented by the parties, summary judgment was appropriate. We therefore grant transfer and affirm the trial court's order of summary judgment.

GIVAN, PIVARNIK, and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

## ON PETITION FOR TRANSFER

DeBRULER, Justice, dissenting.

I am in agreement with the Court of Appeals determination that the two sets of affidavits show a genuine issue as to a material fact which renders judgment as a matter of law within the meaning of Trial Rule 56(C) inappropriate. In the first set, the affiants declare the existence of a historical fact. In the second set other affiants provide a basis for an inference of the non-existence of the same historical fact. Such historical fact, namely knowledge of the plaintiff's officers of the allegedly negligent conduct of the defendant, is a material one about which there is a genuine issue. The case therefore should be submitted for trial on its merits. It seems to me that the conclusion reached by the majority, is based upon an evaluation of affidavits claiming first hand knowledge of a fact as having greater weight than affidavits which merely provide the basis for a deduction of the existence of a fact. All would agree that an evaluation of that sort is not one appropriate in deciding whether or not to grant summary judgment. *Central Realty, Inc. v. Hillman's Equipment, Inc.* (1969), 246 N.E.2d 383, 253 Ind. 48.