## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2018, 10:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gary L. Griner
Mishawaka, Indiana

ATTORNEY FOR APPELLEE

Adam C. Hawkins
Law Offices of Staff Counsel for
Farmers Insurance Exchange and
Affiliates
Chicago, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

Eligio J. Marquez,

*Appellant-Plaintiff,*

v.

Michael A. Love and Leslie L. Love[1],

*Appellees-Defendants.*

December 18, 2018

Court of Appeals Case No.
18A-CT-1143

Appeal from the St. Joseph Circuit Court

The Honorable Jenny Pitts Manier, Judge *Pro Tempore*

Trial Court Cause No.
71C01-1511-CT-400

---

[1] Elsie Love, who was improperly named in the suit as Leslie, was the only defendant to appear in the matter because Michael Love, who was also named in the complaint, died in 2008.

**Bradford, Judge.**

# Case Summary

In September of 2015, Eligio Marquez agreed to help his neighbor Jamal Allen repair a broken window located on the second story of Allen's house, which required them to work from the roof. The home was owned by Allen's mother-in-law Elsie Love, and she resided there with Allen and his family. After the window was repaired, Marquez inspected a weak spot in the roof, misstepped, and fell off the roof. In January of 2017, Marquez filed an amended negligence complaint against Love. In April of 2018, the trial court granted Love's motion for summary judgment. Marquez contends that the trial court erred by entering summary judgment. Because we conclude that there is a genuine issue as to whether Love should have anticipated the harm to Marquez despite his knowledge of and the obviousness of the weak spot in the roof, we reverse and remand.

# Facts and Procedural History

On September 1, 2015, Allen asked his neighbor Marquez if he would help repair a broken window at Allen's house. The house was owned by Love, who resided there with her son-in-law Allen and his family. The window was located on the second story of the house and required Allen and Marquez to complete the repair from the roof outside the window. After completing the repair, Marquez noticed a weak spot in the southeast corner of the roof, and Allen

agreed with Marquez's assessment. Marquez could tell that the roof was weak because the trusses were visible and had noticeable divots between them. Marquez had gained some experience from repairing his mother's roof. As the two began to walk towards the weak spot, without any safety equipment and having drunk some beer, Allen turned back around and went back inside the house without saying anything to Marquez other than that he was going back inside to clean up. Once Marquez reached the weak spot, he used his arms to maintain his balance as he walked across the trusses. However, about ten to fifteen seconds into his inspection, he stepped, missed a truss, and landed on a weak spot causing him to fall from the roof. As a result of the fall, Marquez broke both feet, and his right foot required reconstructive surgery.

[3] On January 26, 2017, Marquez filed an amended complaint against Love, alleging negligence for personal injuries sustained from the fall. On January 16, 2018, Love moved for summary judgment, a motion which was granted by the trial court on April 10, 2018.

# Discussion and Decision

[4] Marquez contends that the trial court erred when it entered summary judgment in favor of Love.

> We review an order for summary judgment *de novo*, applying the same standard as the trial court. The moving party bears the initial burden of making a *prima facie* showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Summary judgment is improper if the moving

party fails to carry its burden, but if it succeeds, then the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact. We construe all factual inferences in favor of the nonmoving party and resolve all doubts as to the existence of a material issue against the moving party.

*Miller v. Rosehill Hotels, LLC*, 45 N.E.3d 15, 18–19 (Ind. Ct. App. 2015) (internal citations omitted). In negligence cases, a defendant is entitled to summary judgment by establishing that the undisputed facts negate at least one element of plaintiff's claim. *Podemski v. Praxair, Inc.*, 87 N.E.3d 540, 547 (Ind. Ct. App. 2017), *trans. denied*. "Generally, summary judgment is rarely appropriate in negligence cases because they are particularly fact-sensitive and are governed by a standard of the objective reasonable person, which is best applied by a jury after hearing all the evidence." *Id.* The court as a matter of law, however, may determine whether a breach of duty occurred where the undisputed facts lead to but a single inference or conclusion. *Id.*

To recover on negligence theory, a plaintiff must establish: (1) a duty owed by defendant to plaintiff, (2) a breach of that duty, and (3) injury to plaintiff resulting from defendant's breach. *Rhodes v. Wright*, 805 N.E.2d 382, 385 (Ind. 2004). Neither party disputes that Marquez was an invitee at the time of the fall. Therefore, as a matter of law, Love owed him a duty of reasonable care while he was on Love's premises. The only question on appeal is whether, as a

matter of law, the designated evidence established a question of fact as to whether Love breached that duty of care.

[6]     The standard Indiana has adopted for determining landowner liability to invitees is stated in Section 343 of the Restatement (Second) of Torts, which is to be read in conjunction with Section 343A. *Roumbos v. Samuel G. Vazanellis & Thiros & Stracci, PC*, 95 N.E.3d 63, 66 (Ind. 2018). Section 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

RESTATEMENT (SECOND) OF TORTS § 343 (AM. LAW INST. 1965). In addition, section 343A(1) provides that "a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness*." RESTATEMENT (SECOND) OF TORTS § 343A(1) (emphasis added). The comments to section 343A(1) further explain:

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause

physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.

[7]     We conclude that the danger of the weak spot on the roof was known and obvious to both Marquez and Love. Marquez made his observation of the exposed trusses and divots known to Allen, and Allen agreed that it made for a weak spot in the roof. That said, we conclude that the designated evidence generates an issue of material fact as to whether Love should have anticipated that Marquez would be harmed despite his knowledge of and the obviousness of the weak spot. On the one hand, there is designated evidence that Marquez had some experience working on roofs and that he knew to step cautiously on the trusses while inspecting the roof as to avoid harm. This designated evidence could lead a reasonable fact-finder to conclude that Love anticipated the possible harm to Marquez, but Marquez was fully capable of protecting himself against the danger presented by the weak spot. On the other hand, there is

designated evidence that Allen[2] never took any steps to assist Marquez in protecting himself against the potential harm, despite the facts that Allen knew Marquez had drunk beer and was without any safety equipment. This designated evidence could lead a reasonable fact-finder to conclude that Love should have anticipated the possible harm to Marquez and that Love failed to take any measures to protect him from that harm. To obtain summary judgment, Love was required to designate evidence to establish that there were no genuine issues of material fact, which she has not done. Because the undisputed facts do not lead to a single inference or conclusion, the determination of breach of duty, as a matter of law, was improper. *Podemski*, 87 N.E.3d at 547.

[8]     The trial court's entry of summary judgment is reversed and remanded.

Najam, J., and Crone, J., concur.

---

[2] Although not directly addressed by either party, all seem to be operating under the assumption that Allen is Love's agent, and that his actions maybe imputed to her. *See, e.g., Prudential Ins. Co. of Am. v. Winans*, 325 N.E.2d 204, 206 (Ind. 1975) ("Generally, the knowledge of an agent acting within the scope of his authority is imputed to his principal.").