**Monte MAULLER and Carol Mauller, Appellants–Plaintiffs,**

v.

**CITY OF COLUMBUS, Board of Commissioners of Bartholomew County, Appellees–Defendants.**

No. 73A01–8910–CV–418.

Court of Appeals of Indiana, First District.

April 4, 1990.

Transfer Denied July 6, 1990.

---

Patrick W. Harrison, Beck & Harrison, Robert L. Dalmbert, Dalmbert, Marshall & Perkins, Columbus, for appellants-plaintiffs.

Kenneth Collier–Magar, Stephenson & Kurnik, Indianapolis, for appellees-defendants.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Carol and Monte Mauller appeal a summary judgment entered against them in their action against the City of Columbus, Indiana (City), and the Board of Commissioners of Bartholomew County, Indiana (County Board). We affirm.

## FACTS

On August 12, 1986, Carol Mauller (Carol) was playing left field in an organized softball game at the Bartholomew County Stadium, where she had previously played more than two dozen games. Prior to the game, Carol observed that dirt was removed from the area surrounding home plate and into the batter's box areas and that as a result there was a depression around home plate.

During the course of the game, after Carol had batted, she attempted to score from second base when one of her teammates hit the ball to the outfield. When she rounded third base, her coach instructed her to slide into home plate. When she slid into home plate, the rubber cleats on Carol's softball shoes caught under the edge of home plate and she suffered a double fracture and dislocation of her right lower leg and ankle.

Carol and her husband, Monte Mauller, sued the City and the County Board for negligence in failing to properly maintain the playing field in a safe condition. Bartholomew County was the owner of the property and had contracted with the City for the City's services in properly maintaining the playing field at the Bartholomew County Stadium.

The City and the County Board filed motions for summary judgment, contending there was no issue as to any material fact regarding liability and Carol had incurred the risk of injury. The trial court examined pleadings, briefs, and depositions and held the City and the County Board should be granted judgment as a matter of law because there was no genuine issue of material fact.[1] Further facts will be provided as necessary.

## ISSUE

Whether the trial court erred in entering summary judgment against Carol and Monte when Carol's deposition established she was aware of the specific conditions of the home plate area, and the potential for injury, yet she intentionally slid into home plate?

## DISCUSSION AND DECISION

Carol contends the trial court erred in granting summary judgment to the City and to the County Board because there was a genuine issue of material fact as to whether Carol incurred the risk of injury. When reviewing a grant of summary judgment, we use the same standard of review as the trial court: summary judgment is proper only when there is no issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(c); *Seiler v. Grow* (1987), Ind.App., 507 N.E.2d 628, 630, *trans. denied.* In determining whether a genuine issue of material fact exists, we consider all matters in a light most favorable to the non-movant. *Watson Rural Water Co. v. Indiana Cities Water Corp.* (1989), Ind. App., 540 N.E.2d 131, 132, *trans. denied; Jackson v. Warrum* (1989), Ind.App., 535 N.E.2d 1207, 1210. Generally, incurred risk is a question of fact for the jury. *Kroger Co. v. Haun* (1978), 177 Ind.App. 403, 407, 379 N.E.2d 1004, 1007. "Incurred risk can be found as a matter of law *only* if the evidence is without conflict and the sole inference to be drawn is that the plaintiff (a) had actual knowledge of the specific

---

1. The City's and County Board's motions for summary judgment contained several affirmative defenses, but their supporting memorandums, and Carol's response argued only about the defense of incurred risk. The Record before us does not contain the oral argument made to the trial court on the motions for summary judgment and the judgment contains no indication on what theory the grant of summary judgment was based. However, all parties on appeal assume the trial court granted the motions because it determined Carol had incurred the risk of injury.

risk, and (b) understood and appreciated the risk." *Stainko v. Tri–State Coach Lines, Inc.* (1987), Ind.App., 508 N.E.2d 1362, 1364, *trans. denied.*

▮▮▮ The incurred risk defense requires not "merely a general awareness of a potential for mishap, but … demands a subjective analysis focusing on the plaintiff's actual knowledge and appreciation of the specific risk involved and voluntary acceptance of that risk." *Get–N–Go, Inc. v. Markins* (1989), Ind., 544 N.E.2d 484, 486 (citing *Beckett v. Clinton Prairie School Corp.* (1987), Ind., 504 N.E.2d 552, 554). "By definition … the very essence of incurred risk is the conscious, deliberate and intentional embarkation upon a course of conduct with knowledge of the circumstances." *Power v. Brodie* (1984), Ind. App., 460 N.E.2d 1241, 1243, *trans. denied* (quoting *Gerrish v. Brewer* (1979), Ind. App., 398 N.E.2d 1298, 1301).[2] Thus, we may affirm summary judgment only if the evidence, viewed in a light most favorable to Carol and Monte, supports the sole inference that she had actual knowledge of, and voluntarily intended to expose herself to, the risk of sliding into home plate when dirt was displaced creating a depression near the plate.[3]

Carol's deposition testimony establishes her team prohibited softball players from wearing metal cleats, shoes designed and recommended for playing softball are rubber soled and contain rubber cleats, and she wore such softball shoes. Carol's deposition testimony also establishes she was aware of the general risk of sliding in a softball game, she had been provided training by her coach on the proper way to slide in order to avoid an injury, and she knew a woman softball player who had injured herself sliding into a base during a previous summer. Carol's deposition also establishes she was aware, before the game of August 12, 1988, that dirt was dug out around home plate and the batter's box areas on both sides of home plate. Carol also saw during her first time at bat on August 12, 1988, that the holes around home plate had not been filled in. She had encountered similar conditions at the playing field on about five out of the thirteen occasions when she had played softball that summer. Carol stated she did not consider not playing the game due to the condition of the field around home plate. Carol's deposition establishes she knew home plate was implanted solidly in the ground and would not "give" as first, second, and third bases would when she slid into them. Finally, Carol's deposition establishes she decided to slide into home as soon as her coach instructed her when she was rounding third base. She stated she never considered not sliding when he instructed her to do so that day.

▮▮▮ Carol's deposition thus shows that she had actual knowledge and appreciation of the specific conditions around home plate and of the general danger of sliding into home plate, and that she consciously, deliberately and intentionally slid into home plate with knowledge of those circumstances. Therefore, her deposition establishes she voluntarily accepted the risk of injury when sliding into home plate under those conditions.[4]

**2.** Carol and Monte argue Carol must have had actual knowledge of the condition of the ground around home plate at the time she was rounding third base and attempting to score. Carol and Monte argue Carol had forgotten about the ground conditions around home plate and they cite *Gerrish* for the proposition that Carol could not intentionally incur a risk she had forgotten about. We note *Gerrish* held that, by definition, the doctrine of momentary forgetfulness is not a part of the doctrine of incurred risk. *Id.* at 1301.

**3.** Carol and Monte contend the specific risk of which Carol must have had actual knowledge in order to have voluntarily exposed herself to it

was the risk that she could catch her rubber cleats under home plate because the dirt surrounding home plate was removed. We disagree. Knowledge of specific risk does not "connote that the victim had prescience that the particular accident and injury which in fact occurred was going to occur." *Tavernier v. Maes* (1966), 242 Cal.App.2d 532, 543, 51 Cal. Rptr. 575, 582 (action by participant in softball game for injuries sustained when sliding).

**4.** We agree with well-established law that "[a] person who voluntarily participates in a lawful sport, game, or contest assumes the ordinary risks of such activity." 57A Am.Jr.2d *Negligence* § 835 (1989). *See also* 4 Am.Jur.2d *Amuse-*

The only evidence before the trial court was Carol's deposition and the affidavit she presented with her response to the City's and County Board's motions for summary judgment. There was no conflict in the evidence. Conflict existed only upon the parties' interpretation of the evidence. Therefore, the trial court did not err in stating that as a matter of law Carol had incurred the specific risk of injury and that summary judgment against her was appropriate as a matter of law.[5] We affirm the trial court's grant of summary judgment in favor of the City and the County Board as against Carol and Monte.

Affirmed.

SHIELDS, P.J., and ROBERTSON, J., concur.

---

*ments and Exhibitions* § 98 (1962); and Annotation, *Liability for Injury to or Death of Participant in Game or Contest.* 7 A.L.R.2d 704(II)(a)(§ 3) (1949).

5. As the County Board notes, incurred risk is a complete defense in a negligence action involving a governmental entity because Indiana's Comparative Fault law does not apply to tort claims against governmental entities. *See* IND. CODE § 34–4–33–8.