Howard **FORTMEYER** and Elizabeth Fortmeyer, Appellants (Defendants Below),

v.

**SUMMIT BANK,** Appellee (Plaintiffs Below).

No. 02A03–8912–CV–00535.

Court of Appeals of Indiana, Third District.

Jan. 29, 1991.

Steven L. Jackson, Baker & Daniels, Fort Wayne, for appellants.

Scott T. Niemann and G. Martin Cole, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, for appellee.

STATON, Judge.

Howard and Elizabeth Fortmeyer (Fortmeyers) appeal the trial court's grant of summary judgment in favor of Summit Bank in its action to recover on the Fortmeyers' written guaranties. The Fortmeyers present three issues for our review, rephrased as:

1. Whether the Bank's alleged failure to exercise good faith and fair dealing in its lending practices precludes summary judgment.

2. Whether the *Restatement of Security*, § 124, imposes a duty upon a lender to inform a guarantor when the risk is materially increased beyond that which the guarantor has reason to assume.

3. Whether the guaranty was materially altered so as to operate to discharge the Fortmeyers' obligations under the guaranty.

Affirmed.

The facts are largely undisputed. On April 4, 1981, the Fortmeyers signed an unlimited, unconditional and continuing guaranty for amounts which the Bank would loan to Midwest Agricultural Services, Inc. (Midwest), an Indiana corporation operated by the Fortmeyers' son, Roger. The Fortmeyers had previously executed a guaranty for a $70,000.00 loan to Midwest. Roger, the president of Midwest, was the only officer from Midwest who dealt with the Bank when securing loans. The Fortmeyers were stockholders in Midwest, and at one point owned a 32% interest in the company.

The Bank did not make any loans in connection with the April 4, 1981 guaranty until September 23, 1982, when it loaned Midwest $500,000.00. On November 23, 1984, another promissory note to Midwest was executed, this time for the amount of $450,000.00. A final loan of $60,000.00 was made on June 2, 1986.

During this period, the Bank never communicated directly with the Fortmeyers to advise them of their increasing risk of liability under the guaranty. Likewise, the Fortmeyers never inquired of the Bank or Roger as to their potential liability. Additionally, the Fortmeyers did not execute a written revocation of their liability under the April 4, 1981, guaranty.

Midwest failed to make its payments and the notes went into default. The Bank then made demand upon defendants for payment under the guaranty. The trial court determined the Fortmeyers' liability to be $1,320,784.14, including post-judgment and pre-judgment interest, and the Bank's attorney's fees.

### Standard of Review

■ The Fortmeyers appeal from an adverse ruling on the Bank's motion for summary judgment. As such, this court will apply the same standard as the trial court; summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Mauller v. City of Columbus* (1990), Ind.App., 552 N.E.2d 500, *trans. denied*. A factual issue is "genuine" if it cannot be resolved by reference to undisputed facts; therefore, a grant of summary judgment is improper if the court must weigh conflicting evidence to reach the decision. *Madison County Bank & Trust Co. v. Kreegar* (1987), Ind., 514 N.E.2d 279, *reh. denied*. Summary judgment is appropriate, however, when there is no dispute or conflict regarding the facts which are dispositive of the litigation. *Id.*

■ A fact is "material" for summary judgment purposes if it bears on the ultimate resolution of relevant issues. *Murphy v. Mellon Accountants P.C.* (1989), Ind.App., 538 N.E.2d 968, *reh. denied, trans. denied*. In determining whether a genuine issue of material fact exists, we consider all matters in a light most favorable to the non-movant. *Mauller, supra,* at 502.

### I.

### Obligations of Good Faith & Fair Dealing

The Fortmeyers first contend that summary judgment was inappropriate because material facts gave rise to the inference that the Bank breached its duty of good faith and fair dealing to Midwest. Specifically, the Fortmeyers allege that the Bank, fully aware of Midwest's poor financial condition, loaned money to Midwest to curry favor with the Fortmeyers, whose other businesses used the banking services of a competitor.

■ This argument was raised for the first time on appeal. Generally, a party may not raise an issue on appeal that was not raised in the trial court. *Koop v. Bailey* (1986), Ind.App., 502 N.E.2d 116, 118 n. 3. This rule also applies to summary judgment proceedings. *Id.; Johnson v. Rutoskey* (1984), Ind.App., 472 N.E.2d 620, 623.

The Fortmeyers, however, urge this court to find that the issue of good faith and fair dealing was before the trial court by way of the following paragraph from their amended answer:

4. While Plaintiff [the Bank] was materially increasing the risk to Defendants, Plaintiff knew (or should have known) that Defendants were unaware of the extensions of credit being made. Plaintiff knew (or should have known) that the extensions of credit made were far in excess of Defendants' ability to pay for same. Since Plaintiff had a duty to notify Defendants, it constitutes a discharge of Defendants' obligation.

■ The crucial factor in determining whether the Fortmeyers may inject what appears to be a new issue into the appeal is whether their adversary had unequivocal notice of the existence of the issue and, therefore, had an opportunity to defend against it. *Apple v. Kile* (1983), Ind.App., 457 N.E.2d 254, 257, *reh. denied, trans. denied.* If an issue is actually litigated with the implied consent of the parties, any issue justified by the evidence may be injected into the proceedings. *Id.* at 256; Ind. Rules of Procedure, Trial Rule 15(B).

■ The Fortmeyers argue that the above defense clearly put the Bank on notice that its lending practices were at issue. While it is true that the Bank's lending practices were questioned at trial, this was a result of the Fortmeyers' claims based on the *Restatement of Security* and material alteration of the contract, discussed below.

As was the case in *Apple, supra,* the record does not prompt a reasonable conclusion that the Bank had unequivocal notice that the "new" issue was being tried. It is also worth noting that the trial judge in this case issued detailed findings of fact and conclusions of law in the judgment. Nowhere in the judgment is there any indication that this issue was tried by the parties. Therefore, the Fortmeyers have waived this issue on appeal.

## II.

### *Restatement of Security § 124*

The Fortmeyers next invite this court to adopt Section 124 of the *Restatement of Security* (1941) as the law in Indiana. This provision reads:

(1) Where before the surety has undertaken his obligation the creditor knows facts unknown to the surety that materially increase the risk beyond that which the creditor has reason to believe the surety intends to assume, and the creditor also has reason to believe that these facts are unknown to the surety and has a reasonable opportunity to communicate them to the surety, failure of the creditor to notify the surety of such facts is a defense to the surety.

(2) Where, during the existence of the suretyship relation, the creditor discovers facts unknown to the surety which would give the surety the privilege of terminating his obligation to the creditor as to liability for subsequent defaults, and the creditor has reason to believe these facts are unknown to the surety and has a reasonable opportunity to communicate them to the surety without a violation of a confidential duty, the creditor has a duty to notify the surety, and breach of this duty is a defense to the surety except in respect of his liability for defaults which have occurred before such disclosure should have been made.

■ In its conclusions of law, the trial court noted that if Section 124 had applied to this case, the Fortmeyers failed to meet their burden of coming forward with evidence to satisfy each element of that defense. We agree.

The undisputed facts indicate that the guaranty was of a continuing, unconditional and unlimited nature. The Fortmeyers were owners of a 32% interest in Midwest and were listed on loan documents as the vice-presidents of the company. The Fortmeyers failed to present evidence that the bank had reason to believe that the subsequent loans were unknown to them, notwithstanding the bare assertion that the loans were negotiated without their involvement, presence, or notice. *See also First National Bank v. Bennet Venture, Ltd.* (1981), 130 Ariz. 562, 637 P.2d 1065 (summary judgment granted to creditor bank where it had no reason to believe that co-guarantor's financial status was unknown to defendant-guarantor who was in

business with co-guarantor). Because this issue can be resolved without reference to disputed facts, the court properly granted summary judgment. *See Kreegar, supra.* Accordingly, there is no need for this court to accept the Fortmeyers' invitation to adopt Section 124 of the *Restatement of Security* as the law in Indiana.

### III.

*Material Alteration of the Guaranty*

■ For their final argument, the Fortmeyers contend that they have been discharged from liability on the guaranty because it was materially altered without their knowledge. The nature and extent of a guarantor's liability depends on the terms of the contract. *Orange–Co., Inc. v. Brown* (1979), 181 Ind.App. 536, 393 N.E.2d 192, *trans. denied.* The Fortmeyers assert that these terms have been changed, and that Indiana law has long provided a defense for a guarantor when the terms of the guaranty have been changed without consent. *Skrypek v. St. Joseph Valley Bank* (1984), Ind.App., 469 N.E.2d 774. While we agree with this statement of the law, it has no application in this case, for consent may be given prospectively in the guaranty instrument. *Carney v. Central National Bank of Greencastle* (1983), Ind. App., 450 N.E.2d 1034, *reh. denied, trans. denied.*

■ The guaranty signed by the Fortmeyers contains the following provisions:

The undersigned hereby request [Summit Bank] (hereinafter called the "Bank") to give and continue to give MIDWEST AGRICULTURAL SERVICES, INC. (hereinafter called the "borrower") credit, as the Borrower may desire and the Bank may grant, from time to time, whether to the Borrower alone or to the Borrower and others, and in consideration of any credit given, the undersigned hereby jointly and severally, absolutely and unconditionally guarantee prompt payment when due and at all times thereafter of any and all existing and future indebtedness and liability of every kind, nature and character (including all re-

newals, extensions and modifications thereof) from the Borrower to the Bank, howsoever and whensoever created, or arising, or evidenced, or acquired; and the undersigned waive notice of the acceptance of this guaranty and of any and all such indebtedness and liability. The undersigned hereby waive presentment, protest, notice, demand or action on delinquency in respect of any such indebtedness or liability, including any right to require the Bank to sue or otherwise enforce payment thereof.

This guaranty is made and shall continue as to any and all such indebtedness and liability of the Borrower to the Bank incurred or arising prior to receipt by the Bank of written notice of the termination hereof from the undersigned, without regard to collateral, or security, or guaranties, or other obligors, if any, or to the validity or effectiveness of any and all thereof; and any and all such collateral and security and guaranties and other obligors, if any, may, from time to time, without notice to or consent of the undersigned be sold, released, surrendered, exchanged, settled, compromised, waived, subordinated or modified, with or without consideration, on such terms or conditions as may be acceptable to the Bank, without in any manner affecting or impairing the liability of the undersigned. It is agreed that the liability hereunder is joint and several and is independent of any other guaranties at any time in effect with respect to all or any part of the Borrower's indebtedness to the Bank, and that the liability hereunder may be enforced regardless of the existence of any such other guaranties.

It is clear from the unambiguous wording of the agreement that the guaranty contemplated additional loans, and that the guarantors prospectively consented to such disbursements.

Asking us to focus on the initial guaranty for the loan of $70,000.00, the Fortmeyers argue that all subsequent disbursements operated as material alterations of that contract. This argument completely ignores the second guaranty, which is unconditional and unlimited. *See also Vidi-*

*mos, Inc. v. Vidimos* (1983), Ind.App., 456 N.E.2d 455, *reh. denied, trans. denied.*

The trial court properly concluded that the Fortmeyers were liable for all amounts loaned under the continuing guaranty of April 1, 1981. Accordingly, the grant of summary judgment in favor of the Bank is affirmed.

HOFFMAN, P.J., and BAKER, J., concur.