**PAOLI MUNICIPAL LIGHT DEPART-MENT and The Town of Paoli, Indiana, Appellants–Defendants,**

**v.**

**ORANGE COUNTY RURAL ELEC-TRIC MEMBERSHIP CORPO-RATION, Appellee–Plaintiff.**

No. 59A05–0809–CV–555.

Court of Appeals of Indiana.

April 30, 2009.

Jennifer Tucker Young, Tucker and Tucker, P.C., Paoli, IN, Attorney for Appellants.

Charles W. Ritz III, Michael L. Schultz, Lebanon, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Defendants, the Paoli Municipal Light Department and the Town of Paoli, Indiana (collectively, the Town of Paoli), appeal the trial court's summary judgment in favor of Appellee/Plaintiff's Orange County Rural Electric Membership, Corp. (REMC), granting REMC's Complaint for Damages and Injunctive Relief.

We affirm and remand.

### ISSUE

The Town of Paoli raises three issues on appeal, which we restate as the following single issue: Whether the trial court properly granted summary judgment in favor of REMC.

### FACTS AND PROCEDURAL HISTORY

REMC is an electrical distribution cooperative providing electrical distribution service to over 8,000 members in Orange, Martin, Lawrence, Washington, and Crawford Counties in Indiana. The Town of Paoli is a municipality, located in Orange County, Indiana, and supplies electricity services to certain areas within its own municipal boundaries.

On October 26, 1983, the Public Service Commission [1] approved and established an assigned service area boundary line between REMC and the Town of Paoli. This Order was the result of a Joint Petition to which the Town of Paoli and REMC were signatories and which clarified that "such assignments will further the orderly development of coordinated state-wide electric service at retail. Further, such assignments will prevent the waste of materials and resources and promote economical, efficient and adequate service to the public." (Appellant's Suppl. App. p. 10).

The Town of Paoli constructed a recreational sports complex (Sports Complex) and sewage lift station entirely within REMC's electric service territory. It has been providing electricity service to the sewage lift station for at least the last fourteen years. On November 5, 2007, REMC learned that the Town of Paoli was also constructing electric distribution facilities in REMC's service area in order to furnish electricity service to the Sports Complex.

---

1. The Public Service Commission is now known as the Indiana Utility Regulatory Commission.

On November 7, 2007, REMC filed a Complaint for Damages and Injunctive Relief to enjoin the Town of Paoli from supplying electric power at the Town's Sports Complex. On March 7, 2008, REMC filed a motion for summary judgment to which the Town of Paoli responded on April 3, 2008. On July 9, 2008, the trial court conducted a hearing on REMC's motion for summary judgment. On July 31, 2008, the trial court issued its Order granting REMC's motion.

The Town of Paoli now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Standard of Review

The Town of Paoli appeals the trial court's grant of REMC's motion for summary judgment. Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *Hendricks County Bd. of Comm'rs v. Rieth–Riley Constr. Co., Inc.*, 868 N.E.2d 844, 848–49 (Ind.Ct.App.2007). Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* at 849. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.*

■ We observe that, in the present case, the trial court entered detailed and helpful findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com, Inc. v.*

*Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind.Ct.App.2004). However, such findings offer this court valuable insight into the trial court's rationale for its review and facilitate appellate review. *Id.*

As our review of a trial court's ruling on summary judgment is limited to the evidence designated by the parties, it is incumbent upon the parties to present us with a complete appellate appendix. The Town of Paoli's original appendix failed to include any of the documents needed for appellate review. It merely contained its own memorandum in opposition to REMC's motion for summary judgment. No indication was given as to which materials had been designated to the trial court. Although REMC did present us with an Appellee's Appendix, the appendix only presented the transcript of a deposition and an affidavit.

In an effort to conduct a meaningful appellate review, we issued an Order to the Town of Paoli to submit a supplemental appendix containing all documents necessary for resolution of the issue raised on appeal. We note that pursuant to Ind. Appellate Rule 49(B)—"[a]ny party's failure to include any item in an Appendix shall not waive any issue or argument,"— we could have conducted our review in light of the documents presented to us. As no designated materials were before us, the Town of Paoli's issue on appeal would surely have been waived. Lately, this court has seen an increase in the filing of incomplete appendices. *See, e.g., Kovach v. Alpharma, Inc.* 890 N.E.2d 55, 65 (Ind. Ct.App.2008), *reh'g denied, trans. granted; Motorists Mutual v. Wroblewski*, 898 N.E.2d 1272, 1274–75 (Ind.Ct.App.2009). We strongly caution counsel to familiarize themselves with the appellate rules governing the filing of appendices.

## II. *Analysis*

■ The creation and realignment of utility service territories is a legislative function. *City of Columbia City v. Indiana Util. Regulatory Comm'n,* 618 N.E.2d 21, 24 (Ind.Ct.App.1993), *reh'g denied.* This court is obliged to give effect to a clear legislative scheme of utility territorial alignment, without the necessity of interpreting statutory language so as to bring about territorial realignment by implication. *Id.* In this regard, the Electricity Suppliers' Service Area Assignments Act provides that

As long as an electricity supplier continues to provide adequate retail service, it shall have the sole right to furnish retail electric service to each present and future consumer within the boundaries of its assigned service area and no other electricity supplier shall render or extend retail electric service within its assigned service area unless the electricity supplier with the sole right consents thereto in writing and the commission approves.

Ind.Code § 8–1–2.3–4(a). Retail electric service is defined under the Act as "electric service furnished to a customer for ultimate consumption, but does not include wholesale electric service furnished by an electricity supplier to another electricity supplier for resale." I.C. § 8–1–2.3–2(c).

■ Relying on the Act, the Town of Paoli now concedes that REMC has the sole and exclusive right to serve customers within its assigned service area. Nevertheless, the Town of Paoli argues that it has the right to serve the Sports Complex because it is owned by the Town and, by serving itself, it cannot be considered a customer. Maintaining that it cannot be its own customer, it necessarily follows

that the electricity service the Town provides to the Sports Complex is not retail electric service as defined by the Act. Therefore, there is no violation of the Act and the Town of Paoli is free to cross the service territory boundary at will and with impunity. We find the Town's argument to be without merit.

■ The purpose of the Act was to "draw permanent boundaries and eliminate the endless and numerous disputes over service areas." *United Rural Elec. Membership Corp. v. Indiana & Michigan Elec. Co.,* 549 N.E.2d 1019, 1021 (Ind.1990), *reh'g denied.* Once a service area has been established, "an assigned electricity supplier ha[s] the sole right to supply retail electric service to the customers in a particular service area. Thus, the assignment of a service area constitute[s] property belonging to the assigned supplier." *Indiana & Michigan Elec. Co. v. Jay County REMC,* 510 N.E.2d 225, 227 (Ind. Ct.App.1987), *reh'g denied, trans. denied.*

The Joint Petition, filed by the Town of Paoli and which resulted in the Public Service Commission's Order establishing the service area boundaries, elaborates that

[The Town of] Paoli is a municipality, organized and existing under the laws of the State of Indiana … [and] is **engaged in the business of distributing, furnishing and selling retail electric service** to the public in Orange County, Indiana, and has charter authority to do so.

(Appellant's Suppl. App. p. 28) (emphasis added). Thus, by its own concession, the Town is a utility supplier and subject to the Act.

Further, the Town of Paoli's Clerk–Treasurer, Carolyn Clements (Clements),[2]

---

**2.** We note that REMC designated relevant portions of Clements' deposition by way of a

footnote in its Reply Brief in Support of Plaintiff's Motion for Summary Judgment. We

stated that when the Town of Paoli provides electric power to its parks, including the new Sports Complex, the Parks Department is "the customer for that power." (Appellants' App. p. 89). Clements clarified that the Town of Paoli meters the power it provides to its Parks Department and bills that Department for such power. The Parks Department pays the invoice out of its budget. As such, it is clear that the Town of Paoli treats its own Parks Department as a customer when it provides electricity power to its parks for consumption. The Town cannot now pretend that the service it provides to the Sports Complex is not retail electricity service.

Because the Town of Paoli did not petition the Indiana Utility Regulatory Commission to realign the utility service boundaries and allow the Town of Paoli to service its own Sports Complex pursuant to I.C. § 8–1–2.3–3, the Sports Complex is still properly located within REMC's service territory. *See, e.g., City of Columbia City*, 618 N.E.2d at 24–25 ("A plain reading of the Act leads to the conclusion that a territorial realignment should take place only after significant Commission scrutiny. There exists no explicit or implicit statutory preference in the Act for municipally owned utility service in municipally owned territory"). As a result, REMC remains the exclusive supplier of electricity to the Sports Complex.

Additionally, the Town of Paoli asserts that because the Town has provided electricity for the past fourteen years to a now-defunct sewage lift station entirely located within REMC's service area, REMC is time-barred from seeking relief. The Town of Paoli relies on Indiana Code section 8–1–2.3–4(b) which provides that an action to enjoin an electricity provider from rendering unlawful service must be brought within three years after the violation occurs. However, here, REMC does not bring an action to enjoin the Town of Paoli from rendering service to the sewage lift station; rather, it only wants to refrain the Town from extending electricity service to the Sports Complex. Therefore, we find that REMC's action was brought in a timely manner.[3]

## CONCLUSION

Based on the foregoing, we hold that the trial court properly granted summary judgment to REMC and we remand to the trial court for determination of damages pursuant to I.C. § 8–1–2.3–4(b).

Affirmed and remanded.

DARDEN, J., and VAIDIK, J., concur.

caution counsel that this is not the recommended manner to designate evidence to support allegations in a motion for summary judgment. We strongly advise counsel to familiarize himself with our supreme court's opinion in *Filip v. Block*, 879 N.E.2d 1076, 1081 (Ind.2008) ("[T]he entire designation must be in a single place, whether as a separate document or appendix or as a part of a motion or other filing").

3. As a final argument the Town of Paoli contends that the Home Rule Act, I.C. § 36–1–3–2, precludes summary judgment in favor of REMC. We need not address this argument, as the Town of Paoli never raised this assertion before the trial court. Generally, a party may not raise an issue on appeal that was not raised in the trial court. *Fortmeyer v. Summit Bank*, 565 N.E.2d 1118, 1120 (Ind.Ct.App. 1991). This rule also applies to summary judgment proceedings. *Id.*