


FILED
Mar 05 2026, 8:40 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N  T H E

# Court of Appeals of Indiana

Folabi Oshinubi, Denzel Lewis, and Clarence White,

*Appellants-Plaintiffs*

v.

Reiling Teder & Schrier, LLC,

*Appellee-Defendant*

---

March 5, 2026

Court of Appeals Case No.
25A-CT-940

Appeal from the Tippecanoe Circuit Court

The Honorable Sean M. Persin, Judge

Trial Court Cause No.
79C01-2102-CT-22

---

**Opinion by Judge Mathias**
Judges May and Felix concur.

**Mathias, Judge.**

[1] Folabi Oshinubi, Denzel Lewis, and Clarence White (the "Tenants") appeal the trial court's entry of summary judgment for Reiling Teder & Schrier, LLC ("RTS") on their complaints against RTS under the federal Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692-1692p (2020). The Tenants raise three issues for our review, which we consolidate and restate as whether the trial court erred when it entered summary judgment for RTS.

[2] We affirm.

## Facts and Procedural History[1]

[3] In August 2018, the Tenants began to live at a residence in West Lafayette they had agreed to lease from Krys Szalasny (the "Landlord"). The Tenants paid a security deposit in the amount of $1,850 and timely paid monthly rent thereafter. As a condition of the lease, the residence was to be in "good condition" upon the Tenants leaving the residence. In the late summer of 2019, the Tenants surrendered the premises. The Landlord inspected the residence and concluded that it was not in good condition. The Landlord allegedly spent $30,354.49 to repair the residence.

---

[1] The Tenants' briefing on appeal relies on material stricken by the trial court. *Compare, e.g.*, Appellants' Br. at 6 (citing Appellants' App. Vol. 4, p. 133) *with* Appellants' App. Vol. 2, p. 11 (trial court order noting that it had stricken the same). Likewise, the Tenants' appendices contain material stricken by the trial court. *See* Appellee's Br. at 10 n.2. The Tenants do not challenge the trial court's decisions to strike any materials, and we therefore disregard their improper reliance on and inclusion of stricken materials.

[4] In January 2020, the Landlord approached RTS about recovering his repair costs from the Tenants. James Schrier, a partner at RTS, informed the Landlord that RTS "would not file any claim for damages to a rental property unless [RTS] received a copy of the letter sent to [the T]enants" known as the "45[-]day letter," *i.e.*, the Landlord's itemized damages to the Tenants in accordance with Indiana Code section 32-31-3-12. Appellants' App. Vol. 3, p. 162. The Landlord "told [Schrier] that he had sent [that] letter to the [T]enants" and "subsequently provided a copy of that letter" to RTS. *Id.* Accordingly, and based on a "good faith belief that there would be evidentiary support for the factual and legal contentions raised" by the Landlord, RTS agreed to represent the Landlord. *Id.* However, in fact, the Landlord "had not . . . sent any communication to the [T]enants related to the damage to the property or their security deposit." *Id.*

[5] In the course of representing the Landlord, RTS sent collection letters to each of the Tenants. RTS further filed a complaint on behalf of the Landlord and against the Tenants seeking to recover the Landlord's alleged costs. The Tenants, in turn, counterclaimed for a violation of Indiana Code section 32-31-3-12.

[6] In January 2021, the Landlord testified in a deposition that he had not in fact sent the Tenants the 45-day letter. There is no dispute that the Landlord's January 2021 deposition testimony was when RTS learned of that fact. Thereafter, the Landlord agreed to dismiss his claims with prejudice and to pay damages to the Tenants. *See White v. Szalasny*, 191 N.E.3d 260, 262 (Ind. Ct.

App. 2022). The trial court also ordered the Landlord to pay the Tenants' reasonable attorneys' fees.

[7] Following the Landlord's deposition testimony, in February 2021 each of the Tenants filed a complaint against RTS under the FDCPA. The Tenants each alleged that RTS had violated their rights under the FDCPA when RTS attempted to collect a debt on behalf of the Landlord that was in fact not owed. The trial court later consolidated the Tenants' cases.

[8] In February 2024, RTS moved for summary judgment and argued that it was entitled to judgment as a matter of law on the Tenants' complaints under numerous theories. The Tenants did not timely respond to RTS's motion for summary judgment despite the trial court entering three continuances to allow the Tenants to do so. Thereafter, the trial court entered summary judgment for RTS, specifically identifying RTS's theory that the Tenants lacked standing as the basis for its order.

[9] This appeal ensued.

## Standard of Review

[10] The Tenants appeal the trial court's entry of summary judgment for RTS. As our Supreme Court has made clear:

> [w]e review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

The initial burden is on the summary-judgment movant to "demonstrate [ ] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (omission and some alterations original to *Hughley*). Further, we are not bound by the trial court's explanation for its summary judgment ruling, and "we will affirm the trial court's ruling" on summary judgment "based on any theory supported by record evidence." *Markey v. Estate of Markey*, 38 N.E.3d 1003, 1006-07 (Ind. 2015).

## Discussion and Decision

The Tenants' central argument on appeal is that both their complaints and the properly designated deposition evidence demonstrated legally sufficient

standing under the FDCPA, and, thus, the trial court's entry of summary judgment on that theory is erroneous.[2] *See* Appellants' Br. at 10-18. But we review summary judgment de novo, and the fact that the trial court found one argued theory dispositive is not binding on our Court. *See Markey*, 38 N.E.3d at 1006-07.

[12]    RTS's theory of standing aside, we conclude that RTS made a prima facie showing that it was entitled to judgment as a matter of law on the merits of the Tenants' FDCPA claims. The Tenants' complaints alleged that RTS violated 15 U.S.C. §§ 1692d (harassment or abuse), 1692e (false or misleading representations), and 1692f (unfair practices). The Tenants' factual predicates underlying those three alleged statutory violations were the same: RTS's representations to the Tenants on behalf of the Landlord for the Landlord's purported damages to the premises as well as his claim for corresponding attorney's fees, which claims were in fact legally nonactionable due to the Landlord's noncompliance with Indiana Code section 32-31-3-12.

---

[2] The Tenants also assert that the trial court's order on summary judgment amounted to impermissible burden shifting to the summary judgment nonmovants. We need not consider that proposition given our de novo standard of review. Further, the Tenants' argument that the trial court erred when it entered summary judgment against tenant Lewis specifically is a nonstarter. The Tenants contend that, because RTS's summary judgment brief was filed in the other two case numbers but not in Lewis's, the entry of summary judgment against him "deprived [him] of the right to notice and the opportunity to be heard" on RTS's arguments. Appellants' Br. at 18. The Tenants raise this argument for the first time on appeal, and so it is waived. *See, e.g.*, *Salahuddin v. State*, 492 N.E.2d 292, 296 (Ind. 1986). Further, tenant Lewis was at all times a participant in the summary judgment proceedings; he had not only notice but every opportunity the other tenants had to respond to RTS's arguments.

RTS argued to the trial court that the designated evidence, namely, Shrier's affidavit, demonstrated that RTS had acted with a good-faith belief that its representations to the Tenants had an evidentiary foundation because the Landlord had represented to RTS, both orally and in writing, that he had provided the Tenants with the required 45-day later, and only after the Landlord had made those representations to RTS did RTS proceed against the Tenants. And only after RTS had proceeded against the Tenants did RTS learn that the Landlord had falsely asserted to RTS that he had provided the Tenants with the 45-day letter. Thus, RTS continued, its good-faith reliance on the Landlord's assertions prohibits the Tenants from holding RTS liable under the FDCPA.

RTS cited legal authority in support of that position. Appellants' App. Vol. 3, pp. 164-65, 183-84. Among other authorities, RTS directed the trial court to the following language from the United States Court of Appeals for the Sixth Circuit:

> [Federal Rule of Civil Procedure] 11 authorizes sanctions when attorneys advance "legal contentions" that are not "warranted by existing law." Fed. R. Civ. P. 11(b). Just because a court ultimately disagrees with the attorney's argument doesn't mean it was "[un]warranted by existing law" at the time it was made. *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528-29 (5th Cir. 2016); *see also* 5A Charles A. Wright & Arthur Miller, Federal Practice & Procedure § 1334 (4th ed. 2019). The question instead is whether the legal contention was objectively baseless at the time it was made, making it "legally indefensible," *SnoWizard*, 833 F.3d at 529, or "groundless in law," *Brubaker v. City of Richmond*, 943 F.2d 1363, 1385 (4th Cir. 1991).

> We have borrowed from Rule 11 before when considering assertions of *fact* made in litigation under the [FDCPA]. It's not a violation of the [FDCPA] to file a collection lawsuit without presently possessing means to prove a debt exists, we held, because Rule 11 requires only that factual contentions "are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 333 (6th Cir. 2006) (citing Fed. R. Civ. P. 11(b)(3)); *see Lee v. Javitch, Block & Rathbone LLP*, 601 F.3d 654, 658 (6th Cir. 2010) (overturning jury verdict that an attorney's factual assertion in a garnishment action violated the [FDCPA], because the attorney had conducted a reasonable investigation at the time the assertion was made).

*Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 895-96 (6th Cir. 2020) (second alteration and emphasis original to *Van Hoven*). RTS reiterates those factual and legal positions on appeal as well. *See* Appellee's Br. at 40-41.

[15] We need not divine the precise parameters of the FDCPA to resolve the instant dispute. RTS designated evidence and cited legal precedent for its good-faith theory of relief. And the Sixth Circuit's opinion in *Van Hoven* is at least broadly in line with the text of the FDCPA itself. *See* 15 U.S.C. § 1692k(c);[3] *see also Abdollahzadeh v. Mandarich Law Grp., LLP*, 922 F.3d 810, 815-17 (7th Cir. 2019).

---

[3] Section 1692k(c) provides:

> A debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

*See also Abdollahzadeh v. Mandarich Law Grp., LLP*, 922 F.3d 810, 815-17 (7th Cir. 2019) (affirming the trial court's entry of summary judgment for the debt collector under section 1692k(c)).

[16] Thus, RTS's summary judgment materials established a prima facie case on the facts and law that it was entitled to summary judgment. The burden thus shifted to the Tenants to establish a genuine issue of material fact, or to identify relevant legal authority, that precluded the entry of summary judgment, but the Tenants failed to respond to RTS's contentions in the trial court. Further, the Tenants also failed to address RTS's good-faith theory in their lead brief to our Court. *Cf. Madison Cnty. Bank & Trust Co. v. Kreegar*, 514 N.E.2d 279, 281 (Ind. 1987) ("While a reviewing court also accepts the facts alleged by the nonmoving party [on summary judgment], the burden to show reversible error on appeal is on the appellant. We indulge all reasonable presumptions in favor of the trial court.").

[17] However, in the Tenants' Reply Brief, they argue that our Court has rejected the "Good-Faith Litigation/Rule 11" theory. Reply Br. at 12 (bold font omitted). Assuming for the sake of argument that the Tenants' assertion in their Reply Brief is properly before us, they are incorrect. In support of their proposition, they cite only our Court's opinion in *Mercer Belanger Professional Corporation v. Gaeta*, but our Court's opinion in that case says nothing about the good-faith rule articulated in *Van Hoven* (or elsewhere) as being an incorrect understanding of the FDCPA. 241 N.E.3d 1159, 1170 n.4 (Ind. Ct. App. 2024), *trans. denied*. Thus, the Tenants have not demonstrated a genuine issue of material fact, or legal authority, that precludes the entry of summary judgment for RTS.

[18]    For all of these reasons, we affirm the trial court's entry of summary judgment for RTS.

[19]    Affirmed.


May, J., and Felix, J., concur.


ATTORNEY FOR APPELLANTS

Duran L. Keller
Keller Law
Lafayette, Indiana


ATTORNEYS FOR APPELLEE

Crystal G. Rowe
Jacob W. Zigenfus
Kightlinger & Gray, LLP
New Albany, Indiana

Nicholas W. Levi
Kightlinger & Gray, LLP
Indianapolis, Indiana